## KLINE ET AL. v. KLINE ET AL.

1. **Habeas Corpus:** PRACTICE.  This proceeding being regarded as an action at law, the court can only interfere where the finding below is manifestly unsupported by the evidence.

2. **Divorce:** JURISDICTION: CUSTODY OF CHILDREN.   A decree of divorce rendered in the State of Wisconsin, on service by publication, so far as it attempted to fix the custody of the minor children who were then residents of the State of Iowa, is without jurisdiction and void.

*Appeal from Linn District Court.*

TUESDAY, DECEMBER 13.

THIS is a proceeding in *habeas corpus*, by which Joseph Kline, a resident of the State of Wisconsin, sought to recover the custody and control of Anna M. Kline and Alice Kline, his minor children.   Upon a trial the court refused to make the order prayed for, and Joseph Kline appeals.

*Frank G. Clark*, for appellants.

No appearance for appellees.

ROTHROCK, J.—The father and mother of said minor children were married in the State of Wisconsin, in the year 1870.

*1. HABEAS corpus: practice.* They lived together as husband and wife until June, 1874, when they separated, and the mother, Anna Kline, now Anna Umphrey, came into this State and brought with her the two children, the issue of said marriage, and they have resided in this State continuously since that time, said children being now eight and ten years of age. In November, 1876, Joseph Kline, the father, procured a decree of divorce in the State of Wisconsin, upon the ground of desertion. There was no personal service of notice of the action upon Anna Kline. The service was by publication, according to the laws of that State. It does not appear that she had any knowledge whatever of said divorce proceedings until after the decree. The decree, in addition to divorcing the parties, awarded the care, custody, and control of the children to the father.

This proceeding was commenced in February, 1881, and it appears from the evidence that the father has not married since the divorce. The mother removed to the city of Cedar Rapids with her children in the year 1876, and shortly after her removal she married the defendant, Umphrey. The children are well provided for. A teacher in one of the public schools testified that for two or three years past they have attended the school taught by her, and that " they are comfortably dressed, and, from their appearance, well treated. Their attendance has been very regular, and they are intelligent and well-behaved, and seem healthy." We think the disposition of the case made by the learned district judge was fully warranted under the evidence. At least, as this proceeding is regarded as an action at law, we can only interfere where the finding is manifestly unsupported by evidence. *Shaw v. Nachtwey*, 43 Iowa, 563; *Dumb v. Keene*, 47 Id., 435; *Jennings v. Jennings*, 56 Id., 288.

But it is urged that the father is entitled to the custody of

the children by virtue of the Wisconsin decree.   The general
rule, as claimed by counsel for appellant, that the
domicile for the wife and children is the domicile.
of the husband and father, is, no doubt, correct.
From this it is argued that the Circuit Court in Wisconsin
had complete jurisdiction of all the parties, and that the de-
cree awarding the custody of the children to the father is en-
titled to full faith and credit in this State. But the rule con-
tended for is subject to the exception that in proceedings for
divorce in most, if not all, the States, the law recognizes the
husband and wife as having separate domiciles, and a valid di-
vorce may be decreed in the State where only one of the par-
ties reside. A suit for divorce in its nature makes the husband
and wife opposite and contending parties, and the legal fiction
of a unity of person and of domicile by reason of the marriage
is destroyed by the law which authorizes the action.   Such was
the fact in this case.   The husband procured his decree on ser-
vice by publication after the wife, with the two children, had
been residents of this State for more that two years.

2. DIVORCE:
jurisdiction:
custody of
children.

Under the circumstances, we think the better rule is that the
court in Wisconsin had jurisdiction to declare the *status* of
the parties before it and grant the divorce, but that the decree
in excess of this was void for want of jurisdiction.   Suppose
that a husband should desert his wife and remove to another
State, taking his property with him, and she should make her
application for a divorce and alimony, and make service by
publication, and take her decree without any appearance by
the defendant,—no one would claim that a money judgment
for alimony could be enforced in such case in a foreign jurisdic-
tion.   And yet, in a certain sense, the court has jurisdiction
of the defendant, but it is only for the purpose of changing
the *status* of the complaining party and terminating the mar-
riage.

We think it logically follows that, where the minor children
are non-residents of the State where the divorce proceedings

are had, that the court acquires no jurisdiction as to their custody, simply because the decree can have no extra-territorial force or effect. In Cooley's Constitutional Limitations, p. 404, it is said: "The publication which is permitted by the statute is sufficient to justify a decree in these cases changing the *status* of the complaining party, and thereby terminating the marriage, and it might be sufficient, also, to empower the court to pass upon the question of the custody of the children of the marriage, if they were within the jurisdiction; if they acquire a domicile in another State or country the judicial tribunals of that State or country would have authority to determine the question of their guardianship there."

In *Woodworth v. Spring*, 4 Allen, 321. it is said: "Every sovereignty exercises the right of determining the *status* or condition of persons found within its jurisdiction. The laws of a foreign State cannot be permitted to intervene to affect the personal rights or privileges even of their own citizens, while they are residing on the territory and within the jurisdiction of an independent government. * * * The question whether a person within the jurisdiction of a State can be removed therefrom depends, not on the laws of the place whence he came, or in which he may have had his domicile, but on his rights or obligations as they are fixed and determined by the law of the State or country in which he is found."

In our opinion the decree, so far as it attempted to fix the custody of the children, was without jurisdiction in the first instance. Want of jurisdiction is a matter which may always be interposed against an adjudication when sought to be enforced, or when any benefit is claimed for it. The want of jurisdiction either of the subject-matter or of the person of either party renders a judgment a mere nullity. The authorities which we have cited go even farther than this, and in effect hold that if there was jurisdiction to award the custody and control of the children of the marriage to one of the parties, by reason of the children being at the time within the jurisdiction of the

court, yet that such a decree is without force in a foreign jurisdiction into which the children may be afterwards removed.

AFFIRMED.