## John McKechney v. The Columbian Powder Co.

1. QUESTIONS OF FACT—*On Contradictory Evidence.*—It is peculiarly within the province of the jury to settle disputed questions of fact.

2.   EVIDENCE—*Statements of Counsel—Admissions.*—In an action for goods sold and delivered, counsel, in opening his case, stated that it was admitted by the defendant that the plaintiff had a claim for six thousand pounds of dynamite at eleven cents a pound, amounting to $660, and the counsel for the defendant replied : " We do not admit that you are entitled to that amount of money.   We admit that amount of powder was furnished at the canal, but *we have an offset against it.*" Then, without objection, plaintiff offered in evidence the bills for the dynamite and rested.   *Held* sufficient, as an admission that there was no controversy over the delivery, quantity or price of the dynamite referred to, and as dispensing with the necessity of proof upon these points.

Assumpsit, for goods sold and delivered.   Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1899. Affirmed.   Opinion filed December 5, 1899.

L. D. CONDEE, attorney for appellant.

GOLDZIER & RODGERS, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit in assumpsit brought by appellee against appellant and others, to recover for goods sold and delivered.   Appellant was the only one served with process, and prosecutes this appeal.

The first point upon which appellant relies as ground for reversal, is the alleged failure to prove the price for which the sale of the powder or ·dynamite in controversy was made.

It was admitted on the trial that appellee delivered this six thousand pounds of dynamite, but it is claimed that no competent evidence was introduced to show the terms of the sale as to price.    It appears from the record, however, that appellee's counsel, in substance, stated when opening the case that it was admitted by the defendant (appellant) that appellee had a claim for six thousand pounds of dynamite at eleven cents a pound, amounting to six hundred sixty dollars.    Thereupon, appellant's counsel replied : " We do not admit that you are entitled to that amount of

money. We admit that amount of powder was furnished at the canal, *but we have an offset against it.*" Without objection appellee then offered in evidence the bills for the dynamite and rested.

We regard the statement of appellant's counsel as an admission that there was no controversy over the delivery, quantity or price of the dynamite referred to, and as dispensing with the necessity of proof upon those points. It was substantially a concession that the only defense appellant could urge or desired to urge was that he had an offset.

It is contended in the second place that no allowance was made appellant for money which, it is said, was shown by a certain receipt to have been paid upon appellee's claim.

This receipt shows the payment of four hundred eighty-four dollars and three cents, "subject to adjustment." While these words tend to show an unadjusted account between the parties, the receipt does not show that the money mentioned herein was paid upon the claim now in controversy. It merely indicates that appellant had paid, and appellee received, the sum of money specified, and that there were still unadjusted matters between them, notwithstanding such payment.

It is urged in the third place that the evidence shows a part of the powder in controversy to have been removed by appellee after its delivery, for which no allowance was made.

The evidence upon this point is contradictory and unsatisfactory. There is testimony to the effect that thirty-seven cases were hauled away by an express wagon which the witness says was from appellee. This is denied by witnesses for appellee. It was peculiarly within the province of the jury to settle this disputed question of fact. We think the evidence justified their conclusion.

The judgment of the Superior Court must be affirmed.