### HEIDE v. KISKADDON et al.

No. 10910—Opinion Filed June 15, 1920.

(Syllabus by the Court.)

**Habeas Corpus—Custody of Children—Divorce—Conclusiveness of Foreign Judgment.**

A judgment of a sister state in a divorce proceeding giving the father the right to the care and custody of minor children is not, under the full faith and credit clause of the federal Constitution, binding in a habeas corpus proceeding upon the courts in this state, to which the children and mother removed and where they have taken up their domicile. In such cases, the paramount consideration is the welfare of the children.

Error from District Court, Tulsa County; Owen Owen, Judge.

Habeas corpus proceeding by George F. Aufder Heide against Anna W. Kiskaddon and another for custody of minor children. Judgment for defendants, and plaintiff brings error. Affirmed.

B. B. Blakeney, J. H. Maxey, and Leslie B. Hutchison, for plaintiff in error.

W. A. Sipe, Jr., and J. P. O'Meara, for defendants in error.

RAINEY, C. J. This is a habeas corpus proceeding instituted in the district court of Tulsa county by George F. Aufder Heide, a resident of Missouri, against Anna W. Kiskaddon and Harry W. Kiskaddon, her husband, to obtain from them and to have awarded to him the custody and possession of Clara Louise Aufder Heide and Gladys Rose Aufder Heide, minor female children, ages thirteen and ten years, respectively, who, at the time of the institution of the action, were in the custody of and residing at the home of the defendants in the city of Tulsa, Oklahoma. The children are the daughters of the defendant Anna W. Kiskaddon and the plaintiff, Aufder Heide, who were husband and wife until the 13th day of January, 1917, when they were divorced by decree of the circuit court of Gasconade county, Missouri. That decree was entered in an action instituted by Anna W. Aufder Heide against George F. Aufder Heide after a trial at which both were present in person and by counsel, the court finding that the plaintiff was without fault, and the decree was awarded her on account of the wrongdoing of the defendant, but he was awarded the custody of the children.

From the time of the entry of the judgment Mrs. Kiskaddon continued to reside in Gasconade county, at the home of her father, and the girls resided with her with the consent of their father, except for brief visits to his home at Bland, in the same county. With the aid of her relatives she supported the children, save $50 in money, a hat, and a pair of shoes which were contributed by Mr. Aufder Heide. In explanation of the children being left with their mother, Mr. Aufder Heide testified that he agreed to leave them with her in order not to interrupt their schooling, and that she agreed to surrender their custody to him at the expiration of their school year in May, 1917. Mrs. Kiskaddon testified that they were left with her pursuant to an agreement between her and her husband made during the trial of the divorce proceedings, which was that she was to have the permanent possession of the children in consideration of her conveying to Mr. Aufder Heide their home place, which she owned, and all interest that she might have in his property. She further testified that she carried out the agreement, and her testimony in this respect was not denied by Mr. Aufder Heide. Mrs. Kiskaddon was

married to Harry W. Kiskaddon in July, 1917, and immediately went to his home in the city of Tulsa, Oklahoma, with her children, where they resided, and were still residing at the time of the trial of this habeas corpus proceeding.

On December 28, 1919, Mr. Aufder Heide filed in the circuit court of Gasconade county, Missouri, a motion setting forth that in the decree of divorce theretofore entered by said court dissolving the marital relations between him and his wife he was awarded the custody of their children, that she had since removed to Oklahoma, and praying for an order requiring her to comply with the decree awarding him the children by returning the children to the jurisdiction of the Missouri court, and that the court again re-adjudicate the right of the custody of said children, and that their custody be awarded to him. He attempted to get service on Mrs. Kiskaddon by posting a certified copy of his motion and notice thereof in the office of the clerk of the circuit court of Gasconade county, Missouri; by serving a copy of his motion in the same state on one Robert Walker, who was Mrs. Kiskaddon's attorney in the divorce action, and by having the sheriff of Tulsa county serve a certified copy of his motion and notice on Mrs. Kiskaddon in the city of Tulsa, Oklahoma. She did not make an appearance in said circuit court of Missouri, in which the application was filed, either in person or by counsel, and neither she nor her children were present on the date set for hearing the motion. On January 13, 1919, said circuit court entered an order directing her to return the children to Gasconade county, Missouri, and to deliver them to the custody and possession of their father, Mr. Aufder Heide, within ten days, and again decreeing that he was entitled to their custody and possession. Mrs. Kiskaddon did not obey the order, and on February 6, 1919, Mr. Aufder Heide instituted this proceeding in the district court of Tulsa county, as above stated.

Considerable evidence was taken at this hearing, at the conclusion of which the court found that the defendants, Mr. and Mrs. Kiskaddon, were "well fitted morally, financially, and in every other way, for the custody of the children, who are happy and contented at their home and wish to remain with them, and that these children are being well educated and cared for by them."

Findings 8 and 9 of the court are as follows:

"8. The court further finds that since the divorce decree of the Missouri court the situation and circumstances affecting the welfare and proper custody of these children have changed to such an extent as to require for the best interests of the children that their care and custody should be awarded to their mother, Anna W. Kiskaddon, at whose present home they are better situated and cared for than can be expected at the plaintiff's home in Missouri.

"9. The court further finds that the situation and circumstances affecting the welfare and proper custody of these children have not changed since January 13, 1919, the date that the last order of the circuit court of Gasconade county, Missouri, was made and entered, but that the situation and circumstances affecting said welfare and custody has changed since the rendition of the original divorce decree as above stated."

The court concluded, as a matter of law: First, that the second and last order of the circuit court of Gasconade county, Missouri, entered on January 13, 1919, was void for want of jurisdiction of said court to make said order, and was, therefore, not determinative as to the question of the custody of the children. Second, that Mr. Aufder Heide had the power to relinquish to the children's mother their custody awarded to him by the Missouri court decree, and, having received the consideration for such surrendered possession, that he was precluded from claiming any right to their custody either under the decree of divorce or the last order of the Missouri court. Third, that that part of the decree of divorce of the Missouri court awarding the custody of the children to their father was not conclusive as to the rights or of the proper custody of the children at this time, "by reason of the change of situation and circumstances affecting the children's welfare and proper custody occurring since that decree was rendered," and that the welfare and best interest of the children required that they remain with the defendants. The writ of habeas corpus was dismissed. It is from this judgment that the plaintiff, Aufder Heide, has appealed to this court.

It is conceded by counsel for plaintiff in error that the situation and circumstances of the parties have changed since the original decree of divorce, in which Mr. Aufder Heide was awarded the custody of the children, and that the evidence adduced at the habeas corpus proceeding in this state, though conflicting, is sufficient to sustain the findings of the trial court, but they insist that, since the circumstances and conditions of the parties have not changed since the last order or decree of the circuit court of Gasconade county, Missouri, entered on January 13, 1919, as found by the district court of Tulsa county, said decree is entitled, under the federal Constitution, to full faith and credit in Oklahoma, and that as a matter of comity the courts of this state will recognize it, since it is a valid decree of a court of a sister state having jurisdiction to enter it.

Under section 1, art. 4, Contsitution of the United States, providing that "full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other state, * * *" a great many of the states hold that a judgment of a sister state, granting a divorce and awarding the custody of the children of the parties, rendered by a court having jurisdiction of the parties and subject-matter is conclusive as to the fitness of the parties and the interest of the children at the time of the decree. People ex rel. Allen v. Allen, 40 Hun, 611; Hardin v. Hardin, 168 Ind. 352, 81 N. E. 60; Wilson v. Elliott, 96 Tex. 472, 97 Am. St. Rep. 928.

Such decrees are not res adjudicata as to facts and conditions arising subsequent thereto to which they have no controlling force, and the courts of other states. are not bound thereby. Ex parte Mylius, 19 N. M. 278, 142 Pac. 918, Ann. Cas. 1916B, 941; In re Alderman, 157 N. C. 507, 73 S. E. 126, 39 L. R. A. (N. S.) 988; 15 Ruling Case Law, sec. 417, p. 940.

Other courts, however, hold that, while such a decree may be binding as to conditions at the time of the decree as between the parties in the state which rendered and elsewhere, it does not conclude the court as to the best interests of the children, and that whenever the possession and custody of minor children is sought by habeas corpus the court will make such order for their care and custody as the best interests of the children may require. In re Bort, 25 Kan. 308, 37 Am. Rep. 255; Avery v. Avery, 33 Kan. 1, 52 Am. Rep. 523, 5 Pac. 419; Hickey v. Hickey, 86 Ill. App. 27; Keenan v. Keenan, 5 Ohio N. P. N. S. 12; In re Alderman, 157 N. C. 507, 73 S. E. 126, 39 L. R. A. (N. S.) 988.

In the early case of In re Bort, supra, the petitioner, as here, invoked the benefit of the full faith and credit clause of the federal Constitution, and contended that a decree of a circuit court of Wisconsin granting a divorce and awarding the custody of the children to the father was res adjudicata of the question of the right of the parents to said children, and was binding in Kansas. Relative to this contention, the Supreme Court of Kansas, in an opinion by Mr. Justice Brewer, said:

"This claim seems to rest on the assumption that the parents have some property rights in the possession of their children, and is very justly repudiated by the courts of Massachusetts. 2 Bish. on Mar. and Div. (5th Ed.) 204.

"We do not, however, propose to place our disposition of this case upon the decision of any such question as that. We shall concede, that, as between the parents, that decision is a finality, and still we do not feel warranted in sustaining the petition of the plaintiff.

"We understand the law to be, when the custody of children is the question, that the best interests of the children is the paramount fact. Rights of father and mother sink into insignificance before that. Even when father and mother are living together, a court has the power, if the best interests of the child require it, to take it away from both parents and commit the custody to a third person. In other words, a court of chancery stands as a guardian of all children, and may interfere at any time and in any way to protect, and advance their welfare and interests. Now in a divorce suit the court is limited to the question: Which of the two parents is the better custodian of the children? The decision only determines the rights of the parties inter sese. But in this proceeding the question is: What do the best interests of the children require?"

It seems to us that no useful purpose would be subserved by further quoting from or discussing the authorities supporting these divergent views, for we are in thorough accord with the rule prevailing in the state of Kansas, and hold that in habeas corpus proceedings the interests of the children to be affected by the decree are of paramount importance.

The judgment is affirmed.

HARRISON, KANE, PITCHFORD, JOHNSON, McNEILL, BAILEY, and RAMSEY, JJ., concur.