### GAUNT v. GAUNT.

No. 21106. Opinion Filed Nov. 29, 1932.

Warren K. Snyder, for plaintiff in error.

J. D. Chastain and Ledbetter, Stuart, Bell & Ledbetter, for defendant in error.

ANDREWS, J. This is an appeal by the petitioner in the district court of Oklahoma county from a judgment of that court in favor of the respondent therein in a habeas corpus proceeding instituted in that court by Clyde D. Gaunt against Louise Gaunt for the custody of their five-year old child, Corrine Marie Gaunt.

The district court of Oklahoma county, among other things, found and adjudged that it would be to the best interests of said child to permit her to remain with her mother, in whose possession she then was; awarded her custody to her mother, and ordered that the petition be dismissed. It is that judgment that this court is asked to review.

This court cannot say that the findings of the trial court are against the clear weight of the evidence. The evidence supports those findings.

The petitioner filed in the district court of Oklahoma county a petition in which he stated that Corrine Marie Gaunt was restrained of her liberty unlawfully and detained at Oklahoma City by Louise Gaunt; that the said Louise Gaunt came from the state of Kansas to Oklahoma with said child in violation of the order of a district court of that state; that he is the father of the child and entitled to her custody and care by reason of the judgment aforesaid, which gave and granted to him the care and custody of the child, and that a duly authenticated copy of the court's order was attached thereto and made a part thereof.

The authenticated copy attached thereto is a copy of a journal entry of judgment of the district court of Sedgwick county, Kan., rendered on the 22nd day of July, 1929. An examination thereof discloses that that court thereby decreed the custody of the minor child, Corrine Marie Gaunt, to Clyde D. Gaunt during the minority of the child. However, the record shows that the child had been in Oklahoma living with its mother in Oklahoma City for three months prior to the 22nd day of July, 1929.

From the recitals of the journal entry of judgment of July 22, 1929, it appears that a divorce decree had been granted by that court to Louise Gaunt from Clyde D. Gaunt on the 26th day of March, 1928; that by that decree Louise Gaunt had been granted the control and custody of the minor child, with the provision that Clyde D. Gaunt should have the privilege of having the child on alternate Sundays; that by the provisions of the decree neither of the parties

to the action should remove the child from the jurisdiction of the court until further order of the court; that that court had made an order granting Louise Gaunt permission to take the child to Oklahoma for a period of two weeks upon the execution of a good and sufficient bond conditioned for the return of the child, and that Louise Gaunt had taken the child to Oklahoma without having complied with the provisions of the order with reference to the bond. It was upon those findings that that court based its judgment of July 22, 1929.

The only portion of the record of the district court of Sedgwick county, Kan., that was pleaded or offered in evidence was the authenticated copy of the journal entry of July 22, 1929. We are unable to determine what provisions with reference to the custody of the child were made in the judgment awarding the custody of the child to Louise Gaunt, other than the recitals contained in the journal entry of July 22, 1929. We are unable to determine what provisions with reference to the removal of the child to Oklahoma were made, other than the recitals contained in the journal entry of July 22, 1929.

Giving the recitals of the journal entry of July 22, 1929, full force and effect, we find that Louise Gaunt instituted a suit in the district court of Sedgwick county, Kan., against Clyde D. Gaunt for divorce and for custody of their child; that therein, on March 26, 1928, that court granted a divorce to Louise Gaunt from her husband, Clyde D. Gaunt, and awarded the custody of the minor child to Louise Gaunt, with the provision that Clyde D. Gaunt should have the privilege of having the child on alternate Sundays, and with the further provision that neither of the parties should remove the child from the jurisdiction of the court until the further order of the court; that Louise Gaunt made an application to that court for permission to remove the child to Oklahoma for a visit; that that court gave her permission to bring the child to Oklahoma for a period of two weeks, the permission being conditioned upon her executing a sufficient bond to be approved by that court, conditioned for the return of the child; that Louise Gaunt brought the child to Oklahoma without the execution of a bond; that Clyde D. Gaunt left Wichita, Kan., after the granting of the divorce, remained away for 14 months, and was living at Houston, Tex.; that he caused an application to be filed with the Kansas court for modification of the judgment as to the custody of the child, and that on July 22, 1929, that court made the order of that date.

The petitioner, Clyde D. Gaunt, contends that the judgment of the Kansas court should be given full force and effect by the district courts of this state and by this court under the full faith and credit clause of the Constitution of the United States and the laws of comity between the states.

In support of that contention he relies upon the decision of this court in Chapman v. Walker, 144 Okla. 83, 289 P. 740. Therein this court had before it a materially different state of facts. The record before the court at that time showed that a court of competent jurisdiction of the state of Texas had found that the mother of the child was not a fit and proper person to have the custody of the child and had awarded the custody of the child to its grandparents. The mother of the child had forcibly taken the child from those grandparents and had brought it to this state. The facts shown by the record in this case are materially different. They show that the mother of this child was found by the Kansas court to be a fit and proper person to have the custody of the child; that the custody of the child was awarded to the mother by that court, and that the mother of the child had the lawful custody of the child at the time she brought it to the state of Oklahoma. Had the judgment of the Kansas court of July 22, 1929, been in effect when the child was brought to this state, and had Louise Gaunt forcibly taken the child from the possession of Clyde D. Gaunt after Clyde D. Gaunt had been decreed the custody of the child by that court, the facts would have been more nearly like the facts shown in Chapman v. Walker et al., supra, but that order was not made until after the child had been brought to this state.

We have carefully reviewed all the authorities cited by the plaintiff in error, and, after a review thereof, we conclude that the correct rule is that stated by the Supreme Court of Kansas in Woodall v. Alexander, 193 P. 185, wherein it was said:

"The judgments of the district court of Oklahoma were only res judicata as to the custody of the child so long as the situation of the parties was unchanged. * * * Moreover, the welfare of the child being the paramount consideration, the circumstances pertaining to its custody may always be inquired into, and any order relating thereto may be made whenever the child's best interests so demand."

See, also, the decisions of this court in Chapman v. Walker, supra, and Heide v. Kiskaddon, 79 Okla. 6, 190 P. 859.

No doubt the Kansas court found that Louise Gaunt was a fit and proper person to have the custody of the chilld at the time that court rendered the divorce. There is no evidence that she has ceased to be a fit and proper person to have the custody of the child. The district court of Oklahoma county likewise held that Louise Gaunt was a fit and proper person to have the custody of the child. That finding is supported by the evidence. There is no evidence in the record to the contrary. The Kansas court evidently changed its former order as to the custody of the child because of the action of Louise Gaunt in taking the child from that state. That order was made long after the child had been brought to this state. At the time that order was made, the child was living with its mother in Oklahoma City, where its mother was working to earn the funds with which to keep herself and her child. The father of the child had left Wichita, where he lived at the time the divorce was granted to his wife, and had remained away for more than 14 months. He was living at Houston, Tex. He did not go to Wichita at the time of the hearing on July 22, 1929. He came to Oklahoma City for the purpose of the hearing of the habeas corpus proceeding after having arranged for a leave of absence from his place of employment at Houston, Tex.

In the language of the Kansas court, the judgment of the district court of Sedgwick county, Kan., was res judicata as to the custody of the child only so long as the situation of the parties was unchanged. The situation of the parties materially changed. The welfare of the child being the paramount consideration, the circumstances pertaining to its custody were properly inquired into by the district court of Oklahoma county, and the order of that court relating to the custody of the child was a proper order under the facts and circumstances shown by the record in this case. It will not be disturbed by this court.

The judgment of the district court of Oklahoma county is affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.