**LEE v. FRANKLIN et al.**

No. 24158.    March 5, 1935.

Ames, Cochran, Ames & Monnet, for plaintiff in error.

P. J. Carey, for defendants in error.

PER CURIAM. On the 2nd day of October, 1915, W. C. Franklin and P. J. Carey, copartners doing business under the firm name of Franklin & Carey, filed a petition in the district court of Muskogee county, Okla., against Thomas F. Lee, _____ Compton, and R. R. Patterson, copartners, doing business under the firm name of Lee, Compton & Patterson.

The petition contained five counts; three of them were for legal services rendered by the plaintiffs to defendants, the fourth was for balance due on account between plaintiff P. J. Carey and the defendants, which was assigned by said Carey to the plaintiffs. The fifth is for $4,700 which plaintiffs claim was due them from defendants under a written contract wherein defendants employed plaintiffs to procure for them persons who would purchase certain lands and property owned by defendants in the state of Texas.

On the same date summons was issued by the court clerk of Muskogee county, directed to the sheriff of said county, commanding him to notify Thomas F. Lee, implicated, with R. R. Patterson and _____ Compton that they had been sued.

The sheriff's return recites:

"I summoned the following persons of the defendants within named at the times following, to wit: Thomas F. Lee, Oct. 2nd 1915, by delivering to each of said defendants personally in said county a true copy of within summons."

On the 21st day of October, 1915, there was filed in said cause an answer styled "Separate answer of Thomas F. Lee and the copartnership of Lee, Compton & Patterson" by Blakeney & Maxey, attorneys. Which answer recites that it is for Thos. F. Lee and the copartnership of Lee, Compton & Patterson and not for the defendants R. R. Patterson and _____ Compton personally.

The answer is a general denial of each count of the petition.

On the 4th day of March, 1916, plaintiffs were allowed to amend their petition and asked for $5,000 in 5th count.

On the 8th day of May, 1918, there was served by plaintiffs on Blakeney & Maxey, attorneys for defendants, a notice to take depositions of witnesses, and on the 10th day of May, 1918, pursuant to said notice, depositions were taken, and on the 4th day of November, 1921, said depositions were opened and published.

On the 8th day of November, 1921, the district court of Muskogee county, Okla., rendered judgment in favor of plaintiffs and against Thomas F. Lee for the amount sued for. The journal entry recites that the defendants failed to appear.

On July 8, 1926, an execution was issued and returned no property found, and another was issued May 10, 1930, with like return.

On the 29th day of April, 1932, the defendant Thomas F. Lee filed in said court a motion to vacate said judgment for the reason that the suit was filed against the partnership and judgment was rendered against him individually and not as a partnership, and that said judgment was taken by default upon a petition that failed to state a cause of action against him, and that under the issues said court was without jurisdiction to render the judgment; that said judgment is outside the issues in the case.

In said motion he also sets forth that the plaintiffs have instituted suit in the state of New York based on said judgment, and asks that they be restrained from proceeding to enforce the collection of said judgment until said motion was disposed of.

On the same day the court issued a restraining order as asked for in said motion.

On the 7th day of May, 1932, the plaintiffs filed a response to the motion of defendant to vacate the judgment, in which they pleaded that in July, 1930, they filed suit on said judgment against said defendant in the Supreme Court of the state of New York, in which suit the said Thomas F. Lee appeared and put in issue the validity of said judgment; that plaintiffs filed a motion for judgment on the pleadings in said court and their motion was denied and they appealed to the Appellate Division, First Department, of said county of New York, 233 App. Div. 592, 253 N. Y. S. 620, where the order was reversed and judgment was granted to the plaintiffs in said cause; that thereafter Thomas F. Lee appealed the same to the Court of Appeals of New York, which is and was the court of last resort in said state in which said matter could be taken, and that in the month of April, 1932, the Court of Appeals of New York affirmed said judgment of the Appellate Division in which said cause had been heard and judgment entered for plaintiffs. 259 N. Y. 532, 182 N. E. 168. That by reason thereof all of the matters and things which Thomas F. Lee is now presenting have been by him duly presented to the court of New York and there decided against him, and each and all of said considerations are now res adjudicata.

That the said Thomas F. Lee had actual knowledge of this judgment in the summer of 1930 and tried to settle the same and that he is now estopped to make claim said judgment is void. Plaintiffs attached an authenticated copy of said judgment in New York, and the record upon which same was based, to their response.

On the 7th day of May, 1932, defendant's motion to vacate judgment came on for hearing, and defendant offered a transcript of the pleadings and orders theretofore had, and rested, and the plaintiffs rested. The court overruled the motion to vacate the judgment and defendant excepted and gave notice of appeal. The court also dissolved the restraining order theretofore granted.

On May 10, 1932, defendant filed a motion for new trial and same was overruled and he excepted and appealed.

The judgment of the district court of Muskogee county rendered against the defendant on the 8th day of November, 1921,

is, to say the least, irregular, and had the defendant filed his motion to vacate and asked to have the plaintiffs restrained from proceeding in New York until the motion was passed upon, the trial court would doubtless have done so, and he could have had his motion passed upon before judgment in New York, but he did not see fit to do so, and elected to take chances at a trial in the court of New York, in which trial he attacked the Oklahoma judgment upon the same grounds that he set up later in his motion to vacate, and the Supreme Court of New York sustained his contention, but the Appellate Division reversed that judgment and held that the Oklahoma judgment was not void, but voidable. It was then that he filed his motion to vacate the judgment in this case.

Under the holding of this court in the case of Earl v. Earl, 48 Okla. 442, 149 P. 1179, and the case of Woodworth v. Town of Hennessey, 32 Okla. 267, 122 P. 224, the judgment of the New York court precluded that question from being again litigated between the parties, and the trial court was correct in overruling the motion.

Another reason why the case should be affirmed or dismissed is plaintiff in error in his brief states that the New York judgment based upon the Oklahoma judgment has been paid. This makes the question, moot.

From an examination of the entire record we hold that the plaintiff in error, defendant below, has had a fair trial and that the judgment should be, and is, affirmed.

The Supreme Court acknowledges the aid of Attorneys T. G. Carr, G. M. Barrett, and C. E. Dudley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Carr, and approved by Mr. Barrett and Mr. Dudley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.