FRED B. LATHROP, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, without costs. [See *ante*, p. 843.] All concur.

JOHANNA M. RODGERS, as Administratrix of the Estate of CHARLES A. RODGERS, Deceased, Respondent, v. SCHENECTADY RAILWAY COMPANY, Appellant, et al., Defendants.— Appeal by the defendant Schenectady Railway Company from a judgment of the Supreme Court entered in the Albany County clerk's office on the 2d day of December, 1943, upon the verdict of a jury, in favor of plaintiff against the defendants for the sum of $26,387.17, and from an order, entered on the same date, denying the motion of defendant-appellant to set aside the verdict and for a new trial. The action is for damages for conscious pain and suffering and death of plaintiff's intestate, caused by a collision between an automobile in which he was riding as a passenger and a bus of the defendant-appellant. The car in which the decedent was riding was proceeding easterly on Central Avenue, a four-strip concrete street, in the city of Albany on the early morning of January 27, 1943. In attempting to pass a truck, it skidded on icy pavement in the center of the street on the northerly side of the highway in the path of the bus, which was proceeding westerly. The plaintiff claimed that the car stopped and stood still for about three seconds while the bus proceeded in its westerly course and then struck the car. There is also proof that the car slid into the pathway of the bus and was struck while still moving. An ordinance of the city of Albany fixed the speed limit for the bus at twenty miles per hour and there is testimony that it was proceeding as fast as forty miles per hour. These and other issues of fact presented a jury question resulting in a verdict in favor of plaintiff against both the Schenectady Railway Company and the driver of the car in which decedent was riding. The appellant raises a question as to certain of its requests to charge which were refused by the trial court. We find no error in such refusals. Judgment and order affirmed, with costs. All concur.

JOHN A. ELKINS, Appellant, v. EVELYN S. ELKINS, Respondent.— Appeal from an order of the Supreme Court made at Albany Special Term dated March 31, 1943, signed and entered in the Albany County clerk's office August 6, 1943, in a habeas corpus proceeding involving the custody of an infant child of the parties, and which denied petitioner-appellant's motion for an award of such custody to him and continued the proceeding to determine the proper custody. The motion for the award of custody was based solely upon an order for such award by the Probate Court of Hampden County, Massachusetts, *pendente lite*, in an action of separation brought there by petitioner-appellant against respondent on the ground she had deserted him. Respondent and her child were then out of the State and in Albany. Process therein was served upon respondent by registered mail received by her in Albany. The order appealed from denied the motion upon the ground that insofar as the order or decree in Massachusetts assumed to affect respondent *in personam* and thus was counted upon in the instant proceeding to compel her obedience by surrendering her child to her husband, it was ineffectual since the Probate Court in Massachusetts had not acquired jurisdiction of her person. The order appealed from should be affirmed, with costs. Order appealed from affirmed, with twenty-five dollars costs and disbursements. All concur. [See *post*, p. 1072.]