Ex parte MILLER.
BLACK v. MILLER.

No. 33585. May 24, 1949.
Rehearing Denied June 14, 1949.

207 P. 2d 290.

Miskovsky & Miskovsky and Jack L. Spivey, all of Oklahoma City, for plaintiff in error.

A. O. Manning, of Fairview, for defendant in error.

HALLEY, J. The petitioner, Margaret Black, is the former wife of Norval J. Miller, and the natural mother of William Norval Miller, a male child who was four years of age at the time his parents were divorced by the district court of Bexar county, Tex., on the 19th day of March, 1946. The mother was awarded the custody of the child for nine months of each year, and the father was awarded the custody for the months of June, July, and August of each year. The father was ordered to pay $40 a month for the maintenance of the child while the child was in the custody of its mother. Both the father and the mother had been engaged in the carnival business.

In the summer of 1947, under the decree of the Texas court, the father and defendant in the divorce action had the custody of his minor son in Major county, Okla., and under said decree of divorce was to return the child to its mother by the 1st day of September. This he refused to do, and the child's mother, the plaintiff, came to Oklahoma and filed her petition for habeas corpus in the district court of that county, asking the custody of the child. Both the petitioner and the respondent have remarried. The petitioner lives in San Antonio, Tex., and the respondent lives in Fairview, Okla., which was the home of his present wife. The district court of Major county found that both parents were fit and proper persons to have the custody of the child, but further found that it would be to the best interest and welfare of the child to allow the mother to have the child six months of each year, from the 4th day of November to the 4th day of May, beginning the 4th day of November, 1947; and allowing the father to have the custody of the child for six months of each year, from the 4th day of May to the 4th day of November, beginning the 4th day of May, 1947; and provided that both parents execute good and sufficient bond in the amount of $500, that each would deliver the child to the other at the time specified and set forth in the order; and denied the writ of habeas corpus.

It has long been the rule in this state that the paramount consideration in controversies as to the custody of a child is the welfare of the child. Heide v. Kiskaddon, 79 Okla. 6, 190 P. 859; Gaunt v. Gaunt, 160 Okla. 195, 16 P. 2d 579. The foregoing cases are also authority for the rule that a judgment of a sister state in a divorce proceeding, awarding the care and custody of a minor child, is not, under the Full Faith and Credit Clause of the Federal Constitution, binding in a habeas corpus proceeding upon the courts in this state, to which either parent has removed. We have also held that judgment of a court of a sister state awarding the custody of a child will be sustained by the courts of this state, unless it is shown that the conditions affecting the welfare of the child have changed since the judgment of the court of a sister state, and that the child is lawfully domiciled within this state. Chapman v. Walker et al., 144 Okla. 83, 289 P. 740. Under the foregoing authorities, it is the unquestioned right of the courts of this state to inquire into what is for the best interest of a child who is domiciled in this state. There can be no question but that the child in this instance was legally brought into Oklahoma, and the decree of the district court of Bexar county, Tex., was not violated when that was done.

It must be determined in this case whether or not the conditions had sufficiently changed as to prejudice the child's welfare in the custody of its mother to the extent that the trial court would be justified in changing that custody. The record reveals no such change. It does reveal that both the father and the mother have remarried since the divorce, but there is no evidence to show that the mother of the child was not as good a mother at the time of the habeas corpus hearing as she had been at any time previous thereto; there was noth-

ing to show that she was not living in as respectable surroundings at that time as she was at the time of the divorce, when the father agreed that she should have custody. In short, there was nothing in the record to justify the trial court in making the change that it did in the custody arrangements. The provision whereby the child could be with his father during the summer months and with his mother during the winter months was a proper one, and there was nothing in the evidence to justify the trial court in Oklahoma in changing it, as a child of such tender years as was the child involved in this action needed to be with his own mother the greater portion of the time.

We have held many times that in an equitable action, this court will weigh the evidence and, if the judgment below was clearly against the weight thereof, will render such judgment as the trial court should have rendered. Roberts v. Roberts, 175 Okla. 602, 53 P. 2d 671; Finley & Lollar v. Dean, 184 Okla. 456, 88 P. 2d 366; Richards v. Richards, 172 Okla. 397, 45 P. 2d 101. Certainly now when the child will be going to school he belongs with his mother during the school year. The writ of habeas corpus should have been granted in this case, so the judgment is reversed, with directions to the trial court to issue the writ prayed for; the father, however, to have the custody of his son during the summer months of June, July, and August, in accordance with the decree of the Texas court.

Reversed, with directions.

DAVISON, C.J., and WELCH, GIBSON, LUTTRELL, and JOHNSON, JJ., concur. ARNOLD, V.C.J., and O'-NEAL, J., concur in result.

Rehearing Denied June 14, 1949.