HATCHER v. HATCHER.

No. 34896.   April 29, 1952.

Rehearing Denied May 23, 1952.

*244 P. 2d 580.*

Bryan Billings, Woodward, for plaintiff in error.

Lamar & Bailey, Guymon, for defendant in error.

HALLEY, V. C. J.   The parties will be referred to as they appeared in the trial court.

Plaintiff and defendant were married in 1930. To this marriage two children were born: a daughter now approximately fourteen years of age, and a son now approximately nine years of age. On June 7, 1940, the parties were divorced by judgment of the district court of Texas county, but in November of that year they became reconciled

and the divorce decree was vacated. They resumed the marital relation, but entered into an agreement that in the event of a subsequent separation the custody of the children should go to the father, and also made certain provisions for the division of property.

On June 2, 1948, the defendant left the plaintiff and took the two children to Siloam Springs, Arkansas. On June 5, 1948, the plaintiff sued for divorce in Texas county, Oklahoma. Defendant was served by publication, but did not enter her appearance. On July 24, 1948, plaintiff was granted a divorce and custody of the children. On July 30, 1948, plaintiff filed a complaint in equity in the Chancery Court of Benton county, Arkansas, asking that the custody of the children be awarded to him. Defendant answered in that case, and there was a hearing, in which she was awarded the custody of the two children, on August 19, 1949.

In June, 1950, the parties entered into an agreement to modify the decree of August 19, 1949, by giving the custody of the children to their mother during the school months of 1950-1951, and to their father during the summer months of the year 1950. The children were brought to Guymon, in Texas county, and on July 26, 1950, the plaintiff filed an application in the district court of Texas county for an order granting him sole custody of his minor children in the divorce case in which he had previously been granted custody. The defendant filed an answer to said application, and the matter was heard before the trial judge, who awarded sole and exclusive custody to the plaintiff. Motion for new trial was filed and overruled, and the defendant has appealed to this court.

The children of this marriage were returned to the jurisdiction of the district court of Texas county legally; so by virtue of our holdings in Aufder Heide v. Kiskaddon, 79 Okla. 6, 190 P. 859; Gaunt v. Gaunt, 160 Okla. 195, 16 P. 2d 579; and Ex parte Miller, 201 Okla. 499, 207 P. 2d 290, the district court of Texas county was authorized to inquire into the custody of the children in order to determine what was for their best interest.

The courts of this state are not bound by the judgment of a court in a sister state in a child-custody case, under the full faith and credit clause of the Federal Constitution, where there has been a change in the situation of the parties. The evidence showed that the defendant the mother, no longer lived in the State of Arkansas and was abiding at Dickens, in the State of Texas, at least temporarily, and a change in the situation of the children and their mother had been brought about. It further showed that the mother had taken up the profession of school-teaching, had taught at different schools in the State of Arkansas, had not established a permanent home, and had placed the children in a private school. The defendant was present in court at the time of the hearing as to the custody of the children in Texas county, but did not take the stand. There was considerable evidence offered as to the type of father and the type of citizen the plaintiff was, and as to his general standing in the community. There was some evidence that showed a certain nervous instability on the part of the mother.

After weighing all of the evidence, this being a case of equitable cognizance, we cannot say that there was any abuse of discretion on the part of the trial court in rendering the judgment that it did. This is especially true when we realize that in June, 1948, when the mother took the children to Benton county, Arkansas, they had an established home in Guymon, and that was their domicile; that the father obtained a judgment for their custody within less than two months after their mother had taken them away, and there was no showing that the mother had established another permanent domicile. The presumption in such cases would be that their domicile was still that of their father. We are of the opinion that the judgment of the district court of Texas county in the second divorce case, giv-

ing the custody of the children to their father, remained in force and effect, and that the district court of Texas county retained jurisdiction over the children, regardless of the fact that they were temporarily beyond the boundaries of the state when the divorce decree was entered, and was clothed with full authority to enter that judgment, and, when the children were returned to the state, it had jurisdiction to make any order it saw fit as to their custody.

This question of the award of custody of a child outside the state has received considerable consideration by appellate courts. There is an extensive and comprehensive annotation in 9 A. L. R. 2d 436, to the case of Beckman v. Beckman (Mo.), 218 S. W. 2d 566. See, also, Sampsell v. Superior Court in and for Los Angeles County, 32 Cal. 2d 763, 197 P. 2d 739; and 27 C. J. S. Divorce, §303, note 61, p. 1164.

In view of our holding that the welfare of the children should be the primary consideration in the awarding of their custody, and of the fact that the defendant, their mother, did not see fit to enlighten the court as to the type of home they would have in Texas, we think that the action of the trial court was equitable and proper and should be affirmed.

CORN, GIBSON, O'NEAL, and BINGAMAN, JJ., concur. DAVISON and JOHNSON, JJ., dissent.