Oliver C. BUSH, Edward Bush and Clara Bush, Plaintiffs in Error,

v.

Stella BUSH, Defendant in Error.

No. 37141.

Supreme Court of Oklahoma.

June 19, 1956.

Rehearing Denied July 17, 1956.

C. H. Mauntel, Mauntel & Doolin, Alva, for plaintiffs in error.

H. C. Crandall, Alva, for defendant in error.

WILLIAMS, Vice Chief Justice.

This is a habeas corpus proceeding instituted in the District Court of Woods County by Stella Bush, hereinafter referred to as petitioner, against Oliver C. Bush, Edward Bush and Clara Bush, hereinafter referred to as respondents, to obtain from them the custody and possession of Donald Clifton Bush and Mark Allen Bush, minor male children of the ages of 6 and 4, respectively, who at the time of the institution of the action were in the custody of and residing in the home of the respondents in Woods County, Oklahoma. The children are the sons of petitioner and respondent Oliver C. Bush, who were husband and wife until the 8th day of September, 1955, when they were divorced by decree of the District Court of Barber County, Kansas. Such decree was entered by default in an action instituted by petitioner against respondent Oliver C. Bush, in which such respondent was served by publication and did not enter an appearance of any kind. Such decree awarded custody of said minor children to petitioner, although it appears from the decree itself that said two children were not within the State of Kansas at the time. Respondents Edward Bush and Clara Bush are the paternal grandparents of said children and are residents of Woods County, Oklahoma.

A few days after the entry of such decree, petitioner came to respondents' home in Woods County, Oklahoma, and demanded possession of said children, but respondents refused to surrender said children to her and this action was then instituted on September 24, 1955.

The petition filed by petitioner seeks custody of said children as a matter of right based on the Kansas divorce decree. There is no allegation that respondents, or any of them, are unfit to have the care and custody of such children or that the children are not being properly cared for, or even that it is for the best interest of such children to grant custody to petitioner.

Respondent Oliver C. Bush filed a response in which he alleged that he had come to Oklahoma to secure work and to provide a home for his family; that petitioner came to Oklahoma with the children but refused to stay and took the children and went to her parents' home at Kiowa, Kansas; that respondent thereafter made his home at the home of his parents, the other respondents, and thereafter went to Kiowa, Kansas, and, with petitioner's knowledge and consent, secured the two children here involved and brought them to his parents' home in Woods County, Oklahoma, where they and he have since resided and where the oldest child has been entered in school and is attending school; that he did not even know that petitioner had instituted divorce proceedings against him in Kansas until sometime in September, 1955, when a neighbor told him it was advertised in a Kansas paper, and had no knowledge of the decree until petitioner showed it to him when she demanded the children; and that petitioner is wholly unfit to have the care and custody of such children.

Respondents Edward Bush and Clara Bush filed a response alleging that they are the grandparents of said children and that said children are staying at their home and are properly clothed and cared for and that petitioner is an improper person to have the care and custody of said children.

The court rendered judgment for petitioner upon the pleadings, holding that it had no jurisdiction to determine the right of custody of said children because the matter had been adjudicated by the Kansas Court in entering the decree of divorce and that such decree was res judicata and entitled to full faith and credit since there was no contention that there had been a change of condition since the entry of such decree. Respondents attempted to introduce evidence for the purpose of showing that the District Court of Barber County, Kansas, was without jurisdiction to render a judgment with reference to the custody of said children and that the divorce decree was to that extent void, but the court refused to hear such evidence and directed that said children be delivered to petitioner forthwith. From such judgment respondents have perfected this appeal.

Respondents contend that the court erred in refusing to hear evidence, in holding the Kansas divorce decree to be res judicata as to the custody of the children involved, and in rendering judgment for petitioner on the pleadings.

Although the authorities are not in complete accord, it appears to be the prevailing view that in the absence of fraud, or want of jurisdiction affecting its validity, a decree of divorce awarding the custody of a child of the marriage must be given full force and effect in other states as to the right to the custody of the child at the time and under the circumstances of its rendition; but that such decree has no controlling effect in another state as to facts and conditions arising subsequent to the date of the decree; and the courts of the latter state may, in a proper proceeding, award the custody otherwise upon proof of matters subsequent to the decree which justify the change in the interest of the child. See the annotations at 20 A.L.R. 815, 72 A.L.R. 441, 116 A.L.R. 1299, and 160 A.L.R. 400, as well as Remick v. Remick, 204 Okl. 345, 229 P.2d 600; Ex parte Miller, 201 Okl. 499, 207 P.2d 290; Chapman v. Walker, 144 Okl. 83, 289 P. 740; Gaunt v. Gaunt, 160 Okl. 195, 16 P.2d 579. Of course, the provisions of a divorce decree are of no effect in other states if the court which rendered the decree was without jurisdiction. Allen v. Allen, 208 Okl. 382, 256 P.2d 449; Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577. And where the validity of a judgment rendered in one state is called in question in another state a want of jurisdiction over either the person or subject matter is open to inquiry. Allen v. Allen, supra; Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278; Lee v. Franklin, 171 Okl. 70, 42 P.2d 257. Furthermore, a judgment from another state may be impeached for want of jurisdiction collaterally as well as directly, and by extrinsic evidence as well as by the record. Earl v. Earl, 48 Okl. 442, 149 P. 1179; Mastin v. Gray, 19 Kan. 458, 27 Am.Rep. 149; Knowles v. Gaslight & Coke Co., 19 Wall. 58, 59, 22 L.Ed. 70; Thompson v. Whitman, 18 Wall. 457, 21 L.Ed. 897; Litowich v. Litowich, 19 Kan. 451, 27 Am.Rep. 145.

Respondents did not contend that there had been any change of conditions subsequent to the entry of the Kansas decree which would justify a change of custody, and in fact stipulated that there had been no such change. Respondents, however, did challenge the validity of the child custody provisions of the Kansas decree on the grounds of lack of jurisdiction. According to the allegations of the response, the two children here involved were brought into the state of Oklahoma in the lawful custody of their father, the respondent Oliver C. Bush, prior to the institution of the divorce proceedings in the State of Kansas and have so remained ever since. Said response further alleges that said respondent was in the State of Oklahoma at the time of the institution of such proceedings, and, although served by publication, had no actual notice or knowledge of the pendency thereof and made no appearance of any kind therein. Such allegations are in the main corroborated by the Kansas divorce decree itself. If such allegations be true, it would then appear that the Kansas Court did not have jurisdiction over the person of the respondent Oliver C. Bush and did not have jurisdiction over the person of either of the two children here involved. While it does not appear that this court has ever passed on the exact point, we are of the opinion that under such circumstances the Kansas decree would be void for lack of jurisdiction in so far as it pertained to the custody of the two children here involved.

In the opinion in Spradling v. Spradling, 74 Okl. 276, 181 P. 148, 149, this court said:

> "[The husband] was a nonresident of that state, and service of process was had upon him by publication only. The Court took jurisdiction of nothing except the marriage status; and under these circumstances, in the absence of jurisdiction of either the person or property of defendant, any attempt to render a decree against him in that suit, essentially in personam, for the payment of alimony would have been void."

In both Heide v. Kiskaddon, 79 Okl. 6, 190 P. 859, and Gaunt v. Gaunt, supra, we treated a decree entered by a court of another state modifying the previous decree of such court so as to change the custody provisions thereof as being void for lack of jurisdiction where the parent and the child involved had left the state where the decree was entered prior to the filing of the application for the decree of modification and only constructive service was had on such parent.

The Supreme Court of Colorado held in the case of Hodgen v. Byrne, 105 Colo. 410, 98 P.2d 1000, that a foreign judgment, rendered without the appearance of the divorced mother, modifying the original divorce decree which granted custody of the child to the mother by decreeing custody to another, after the mother had removed the child from the state, was void for lack of jurisdiction. In that case the trial court sustained a demurrer to the petition which sought a writ of habeas corpus solely on the basis of such foreign judgment and the supreme court affirmed.

In the case of Rodgers v. Rodgers, 56 Kan. 483, 43 P. 779, the Supreme Court of Kansas held that the courts of a sister state, if authorized by law, might dissolve the marriage relation between a husband domiciled there and a wife residing in Kansas, on service by publication, even though unknown to her, but that such courts have no power to control the custody of children residing in Kansas.

It seems to be the general rule in those states that have passed on the question that a divorce decree founded merely upon constructive service is of no extra-territorial effect in so far as concerns the custody of children, who, at the time of the rendition of the decree, were not residents of the state. Brandon v. Brandon, 154 Ga. 661, 115 S.E. 115; Steele v. Steele, 152 Miss. 365, 118 So. 721; Weber v. Redding, 200 Ind. 448, 163 N.E. 269; Kline v. Kline, 57 Iowa 386, 10 N.W. 825; Harris v. Harris, 115 N.C. 587, 20 S.E. 187; Callahan v. Callahan, 296 Ky. 444, 177 S.W.2d 565; Elkins v. Elkins, 268 App.Div. 938, 51 N.Y.S.2d 277; Fraley v. Martin, Tex.Civ.App., 168 S.W.2d 536; Kruse v. Kruse, 150 Kan. 946, 96 P.2d 849.

In Steele v. Steele, supra [152 Miss. 365, 118 So. 722], the court said:

"It is our conclusion that a decree for divorce rendered in another state awarding the custody of children, when neither defendant nor children were within the jurisdiction of such court, is of no effect so far as it pertains to the awarding of the children."

Petitioner cites and relies principally upon the case of Wear v. Wear, 130 Kan. 205, 285 P. 606, 72 A.L.R. 425, which it is contended is almost identical with the case at bar. Such case, however, is not in point. The court there held, in substance, that a decree founded upon personal appearance of the defendant is not void as to custody provisions merely because the child affected is absent from the state, at least where the child is shown to be domiciled within the state and merely temporarily absent therefrom on a visit. In that case the court entering the decree had jurisdiction over the person of both of the parties to the divorce action whereas in the case at bar it did not.

We conclude that the court erred in holding the Kansas decree to be res judicata and in refusing to hear the evidence tendered and in rendering judgment on the pleadings.

The judgment is therefore reversed and the cause remanded with instructions to proceed in accordance with the views hereinabove expressed.

JOHNSON, C. J., and DAVISON, HALLEY, JACKSON and HUNT, JJ., concur.

BLACKBIRD, J., concurs in result.