## ROBERTS v. BATHURST.
### No. 9289.

Circuit Court of Appeals, Fifth Circuit.
June 13, 1940.

Rehearing Denied July 24, 1940.

Wm. H. Watson, S. Pasco, C. J. Brown, and James B. Watson, all of Pensacola, Fla., and F. G. Bauer and Paul B. Roberts, both of Boston, Mass., for appellant.

John M. Coe, of Pensacola, Fla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

Joseph deR. Moreno died Oct. 16, 1936, leaving life insurance policies payable to his executors, administrators or assigns. Marjorie Bathurst on Nov. 21, 1936, probated in Florida a will executed Oct. 18, 1935, which named her sole executrix and devised and bequeathed the whole estate to her. She, as executrix, sued upon the policies in the District Court of the United States in Florida. The insurer paid the money into court, and prayed an interpleader, alleging that Mrs. Theresa Moreno, divorced wife, had been appointed collector of Moreno's estate in the District of Columbia, and was claiming the money also. The insurer was discharged and the two claimants, each claiming to be the personal representative, joined issue mainly as to whether Moreno, who was an army officer and died in Manila, was at his death domiciled in Florida where he was born or in the District of Columbia where he married and had sometimes resided. Mrs. Moreno denied the divorce was valid and claimed the money both as collector and as widow and sole heir. She also entered the Florida probate court, and petitioned to revoke the probate of the will of 1935, asserting that she was widow and sole heir and the sole beneficiary under a will of prior date, that the probated will is void because the testator was not at its making of sound mind, and acted under the undue influence of Mrs. Bathurst, and that the deceased was domiciled in the District of Columbia where she had been appointed collector of the estate. In reply to this petition Mrs. Bathurst set up that Mrs. Moreno was not widow because of the divorce, that the true domicile was Florida, that testator's mind was sound and no influence was used to produce the will. On March 7, 1939, reciting that proofs had been submitted and argument had, the probate court entered this judgment: "Ordered, adjudged and decreed that the prayer of the said petition to revoke the probate in this court on the 21st day of November, A. D. 1936, be and the same is denied and said petition be and the same is hereby dismissed." No appeal was taken. By an order the interpleader case had been stayed to await the judgment in the probate court. On April 5, 1939, it was decreed that the stay be vacated and that the claim of Mrs. Moreno individually and as collector be dismissed. No appeal was taken from this judgment.

Meanwhile, on Oct. 27, 1937, in the County of Norfolk in Massachusetts Paul B. Roberts had offered for probate a will of the deceased dated April 21, 1919, which gave Mrs. Moreno the estate and named her executrix. She declined to serve and consented to the appointment of Roberts as administrator with the will annexed. Citation on the petition for probate was issued to Mrs. Bathurst, non-resident in Massachusetts, and was published, but she did not appear. The court gave judgment probating the will, finding the testator's domicile to have been in Norfolk County, Massachusetts, and granting to Roberts letters of administration. Roberts, on May 11, 1939, came into the interpleader case in Florida, asserted the true domicile of the deceased to have been in Massachusetts, and that he was the true personal representative and entitled to the insurance money.

Mrs. Bathurst moved for a summary judgment on an affidavit, and on the pleadings. A counter-affidavit was filed by Roberts. All the above recited proceedings appeared without dispute, but there was a conflict of evidence as to whether the deceased had acquired a domicile other than that of his birth, having been since his majority continuously serving in the army. No debts have been presented in either jurisdiction. The court decreed that the claim of Mrs. Moreno individually and as collector appointed in the District of Columbia, and of Roberts as administrator with the will annexed, and of Mrs. Bathurst as an individual are each invalid; but the claim of Mrs. Bathurst as executrix under appointment of the Florida probate court is allowed and adjudged valid; and the money deposited in court was ordered paid to her. Roberts, as administrator, appeals.

 The insurance is payable to the personal representative appointed at the true domicile at death. Vogel v. New York Life Ins. Co., 5 Cir., 55 F.2d 205. The true domicile would be difficult to decide under the evidence in this record. It could not be

decided by summary judgment. But the judgment of the Florida probate court rendered during the pendency of the interpleader case settles who is the beneficial owner of this money, and a court of equity having it in its hands need not enter on a litigation to determine domicile so as to pay it to the correct trustee, if it has the beneficial claimants before it and knows which of them ought to get it. There are no debts to be paid. Under one will Mrs. Moreno is entitled to the money; under the later will Mrs. Bathurst is entitled. Mrs. Moreno and Mrs. Bathurst have confronted one another in the Florida probate court on the issues whether that court had jurisdiction as the court of domicile, and whether the later will was the true last will. The court must have sustained its jurisdiction, and did sustain the probate of the later will as the true will. It has general jurisdiction over wills and estates, its judgment binds Mrs. Moreno in other courts, and settles that the will giving the estate to Mrs. Bathurst is valid. That will expressly revokes all prior wills. Mrs. Moreno cannot be entitled to the money either as heir or as beneficiary under the former will. As against the parties actually contesting it, a court may conclusively adjudicate its own jurisdiction. Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104; Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329. If the probate court had jurisdiction, its judgment on the validity of the will is of course final. Vogel v. New York Life Ins. Co., supra.

Roberts asserts that he is not party to and is not bound by the Florida court's decision, and that Mrs. Bathurst is bound as to him by the probate of the other will in Massachusetts. The Massachusetts probate, as an in rem proceeding, would protect Roberts in his administration in Massachusetts of any assets there. But it was made only on constructive service. We do not think it is available in Florida to override the adjudication made there on an actual contest between the interested parties. Roberts himself has no substantial rights. He was appointed administrator on the consent of Mrs. Moreno, and appears to have stood by awaiting the result of her contest with Mrs. Bathurst in the Florida probate court. Immediately after her defeat he entered the interpleader case. Even if Massachusetts can be held the true domicile and he the payee of the policy, still to avoid circuity of action this court of equity would not pay him the money to take to Massachusetts and compel Mrs. Bathurst to follow it, subjecting her to an unnecessary burden and her money to unnecessary costs of administration.

The finding in the decree that Mrs. Bathurst's claim as an individual is invalid appears to be an oversight. It is not mentioned in the briefs. We will order it stricken out. As thus altered the decree is affirmed.