In re HUNTER'S ESTATE.

No. 30226. Feb. 24, 1942.

*122 P. 2d 1017.*

Houston & Miskovsky, of Oklahoma City, for plaintiff in error.

Pierce, McClelland, Kneeland & Bailey, of Oklahoma City, Blake & Blake and Arnold C. Todd, all of Wichita, Kan., and A. V. McCuiston, of Oklahoma City, for defendants in error.

BAYLESS, J. S. B. Hudson, administrator with the will annexed of the estate of D. B. Hunter, deceased, appeals from an order of the district court of Oklahoma county, made in a trial de novo of issues appealed from the county court of Oklahoma county with respect to the appointment of a personal representative of the deceased.

April 12, 1938, D. B. Hunter died in the State of California and left a will. May 4, 1938, Mrs. Berges filed in the probate court of Sedgwick county, Kan., a petition for the probate of said will, and on May 5, 1938, said will was admitted to probate in that court, and Wm. R. Berges, the nominee of the testator and the husband of the petitioner, was named executor and duly qualified. It is admitted that the deceased left property in the States of Kansas and Oklahoma. February 8, 1939, a creditor of the deceased filed a petition in the county court of Oklahoma county, seeking the appointment of a special administrator, on the theory that deceased died intestate and a resident of Oklahoma, and S. B. Hudson was appointed. On the same day the same creditor filed in the same court a petition for the issuance of letters of administration upon the estate of the deceased. Before a hearing was held on this last petition, the special administrator filed in the probate court

in Kansas, in the probate proceedings with respect to the will, an application to dismiss those proceedings. The basis for this application to dismiss was the statement that the deceased was a resident of Oklahoma county, Okla., at the time of his death, and by inference that the probate court of Sedgwick county, Kan., was without jurisdiction or authority to administer upon the estate of the deceased under the assumption the will was a domestic rather than a foreign will. Before this application could be acted upon by the probate court of Sedgwick county, the creditor filed in the county court of Oklahoma county an amended petition for letters of administration with will annexed, in which he alleged that the deceased was a citizen and resident of Oklahoma county at the time of his death, that he left a will, and asked that letters of administration with will annexed be issued to S. B. Hudson. This petition was set for hearing March 22, 1939. March 3, 1939, Wm. R. Berges appeared in the Oklahoma court proceedings and filed a petition for the probate of a foreign will, substantiating his petition with copies of the records of the probate court of Sedgwick county, Kan. This petition was set for hearing March 22, 1939. March 7, 1939, Wm. R. Berges filed an answer wherein he took issue with the issues presented in the amended petition of the creditor, and at the same time Mrs. Berges filed an answer to the amended petition of the creditor. April 11, 1939, the county court of Oklahoma county having continued the hearing on the matters before it, the probate court of Sedgwick county, Kan., took up the application to dismiss the proceedings pending before it, and upon hearing made an order denying the application. Thereafter Wm. R. Berges filed in the county court of Oklahoma county an amendment to his pleadings setting up the proceedings and orders of the probate court of Sedgwick county. May 5, 1939, S. B. Hudson, as special administrator, appealed from the order of the probate court of Sedgwick county to the district court of that county. May 23, 1939, the county court of Oklahoma county, after hearing the advance issues presented to it, determined that the deceased was a resident of Oklahoma county at the time of his death and appointed S. B. Hudson as administrator with will annexed, and in so doing refused the contentions of Wm. R. Berges that the will should be admitted as a foreign will and he should be named to execute on the same. Wm. R. Berges and Mrs. Berges appealed from that order. July 18, 1939, S. B. Hudson, as special administrator with will annexed, applied to the district court of Sedgwick county, Kan., to be substituted in place of himself as special administrator, and for permission to prosecute the appeal theretofore carried to that court, and this application was granted. September 7, 1939, the district court of Sedgwick county, Kan., heard the appeal and entered its order affirming the order of the probate court of Sedgwick county. S. B. Hudson, administrator with will annexed, appealed from that order to the Supreme Court of Kansas, and it appears from the record before us that this appeal was dismissed "on consideration of no prosecution." June 6, 1940, the district court of Oklahoma county heard the appeal pending before it and decided that S. B. Hudson, administrator with will annexed, had submitted himself to the jurisdiction of the probate and district courts of Kansas, that the issue of the jurisdiction of the courts of Kansas to probate the particular will on the fact issue of venue was expressly litigated and determined by those courts, that the determination was adverse to Hudson and that such adjudication was final and binding; and, using this as a premise, reversed the order of the county court of Oklahoma county and directed the appointment of Wm. R. Berges to execute on the estate of the deceased under said will as a foreign will.

The sole issue presented to us is one of law, whether the judgment of the district court of Oklahoma county is correct as a matter of law.

Hudson contends that the issue of the residence or domicile of a deceased per-

son is always open to the courts of any state to which such an issue may be presented in connection with administration upon property of the deceased within that state. From this, Hudson proceeds to argue that the courts of Kansas were without authority or jurisdiction to determine that the deceased was a citizen and resident of that state, when in fact he was not such a citizen and resident. In support of this question of fact, Hudson points to the finding and order of the county court of Oklahoma county that the deceased was a citizen and resident of Oklahoma county at the time of his death. Hudson cites and relies upon Richards v. Huff, 104 Okla. 221, 231 P. 76; Richards v. Huff, 146 Okla. 108, 293 P. 1028; Sharp v. Sharp, 65 Okla. 76, 166 P. 175; Andrews v. Andrews, 188 U. S. 14, 23 S. Ct. 237, 47 L. Ed. 366, and other cases from other states, which he says announce a rule of law in support of his contention.

Upon consideration of these cases, we are of the opinion that they do not govern this fact situation, which must be the basis of the law announced in this case. The cases cited by Hudson are cited as an exception to the rule contended for by the respondents.

Respondents contend that under the doctrine of estoppel by judgment, a fact once litigated and determined by a court of competent jurisdiction may not again be called in question or litigated by the same parties or their privies in a subsequent action. In support of this well-known rule, they cite Lee v. Franklin, 171 Okla. 70, 42 P. 2d 257, which in turn cites Earl v. Earl, 48 Okla. 442, 149 P. 1179, and other Oklahoma cases to the same effect.

They point out that the difference in fact between this case and the cases cited by Hudson is this: In this instance Hudson appeared in the courts of Kansas and submitted himself to their jurisdiction for the purpose of having those courts determine an issue of fact, whereas, in the cases cited by Hudson, the parties had not appeared or litigated the particular fact issue in the courts of another state.

We think this difference is vital and that it precludes Hudson from again litigating with those people the issue of the residence or domicile of the deceased for the purpose of determining where his will shall be probated as a domestic and his estate administered.

We think the decisions in the cases of Roberts v. Bathurst (1940) 112 F. 2d 543, and In re Fischer's Estate, 118 N. J. Eq. 599, 180 A. 633, are excellent illustrations of fact situations and of the application thereto of the rule of law asserted by respondents. In each of those cases a contest over the domicile of a deceased person arose, and actions were instituted in different states. In each case the residents of one state appeared in the actions pending in the other state and litigated to a conclusion an issue of the jurisdiction of the courts on the question of fact of venue, and in each case it was held that by submitting to the jurisdiction of the courts of the other state, they were bound by the findings made adverse to them and could not again litigate in their own forum the same issue of fact.

We are of the opinion that the judgments of the courts of Kansas upon the issue of the residence of the deceased at the time of his death are res adjudicata upon Hudson, because he was a party to the proceedings wherein those judgments were rendered.

The judgment of the district court of Oklahoma county is affirmed, and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

WELCH, C. J., CORN, V. C. J., and GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent. OSBORN, J., dissents.