PEASE v. HUDSON, Adm'r.

No. 31601.　March 6, 1945.

Rehearing Denied April 24, 1945.

*157 P. 2d 909.*

Hal Johnson and **T. J. McComb**, both of Oklahoma City, for plaintiff in error.

Pierce, McClelland, Kneeland & Bailey, of Oklahoma City, and Blake & Blake and Arnold C. Todd, all of Wichita, Kan., for defendant in error.

BAYLESS, J. This is an appeal from the district court, of Oklahoma county, and involves the correctness of an order and judgment of that court sustaining a plea to its jurisdiction. The issue before us involves another aspect of the litigation involving the estate of D. B. Hunter, deceased, and, as far as applicable, is governed by our decision in Re Hunter's Estate, 190 Okla. 284, 122 P. 2d 1017. Reference is made to that decision for the controlling facts.

After our decision on that appeal had reached the lower court on remand, an order was made effective halting the efforts to appoint an administrator for the estate of said decedent on the assumption that he died a resident of Oklahoma county and intestate and efforts to appoint an administrator with will annexed on the assumption that he died a resident of Oklahoma county and testate; and, pursuant to the law governing as announced in that decision, Wm. R. Berges was appointed executor of the estate of D. B. Hunter, deceased, upon compliance with our statutes governing the ancillary probate in Oklahoma of the will of a deceased resident of another state, 58 O.S. 1941 § 51 et seq.

Relying upon the correctness of the prior appointment of S. B. Hudson as administrator with will annexed of the estate of said decedent, H. A. Pease had presented a claim to said administrator with will annexed, and, upon the failure of said administrator to act thereon within the time specified, Pease treated the claim as having been rejected and filed suit thereon in the district court of Oklahoma county. Upon the appointment of the executor, as recited in the preceding paragraph, Pease took steps to have said executor substituted as party defendant in the stead of the administrator with will annexed.

Thereupon, said executor filed a spe-cial appearance and plea to the juris-diction of the district court. In short, this plea is based on the assumption (1) that the appointment of the administrator with will annexed was utterly null and void, and (2) that the acts of a person appointed to administer on an estate under an order of appointment that is utterly null and void are themselves utterly null and void, and cannot form the basis for any legal action. The lower court sustained this plea. This appeal resulted.

Based upon 21 Am. Jur. 450, and other authorities cited in the footnotes and decisions annotated thereon, Berges recognizes the distinction between orders made erroneously by county courts that have jurisdiction and those orders made by county courts that have no jurisdiction. He urges that the order appointing the administrator with will annexed is of the latter character, and hence offers no basis for the steps taken by Pease or his action to enforce his claim.

It is admitted that Hunter died and left property in Oklahoma, and since both Berges and the others whose abortive efforts he halted applied to the county court of Oklahoma county to administer the estate of the decedent, neither is in a position to deny that he left property in Oklahoma county. By 58 O.S. 1941 § 51 et seq. a foreign will may be probated in the county where decedent left property.

It is the law of this case, by virtue of our prior decision, that Hunter died while a resident of Kansas, and that the probate of his will in Oklahoma must be as a foreign will and ancillary to its admission to probate in the state of the residence of decedent. It is also the law of this case, both by the decision in the earlier appeal and by the position of the parties, that the county court of Oklahoma county has and had at all times jurisdiction to administer the estate of decedent, and that the executor is its proper agent to administer this estate.

We agree with the contention of Pease that from the date of the death of Hun-

ter the county court of Oklahoma county had jurisdiction to administer upon his estate as applied to property in Oklahoma. Having such jurisdiction, it had power to entertain and pass upon (1) pleas that he died a resident of Oklahoma county and intestate; or (2) that he died a resident of Oklahoma county and testate; or (3) that he died a resident of another state, either testate or intestate; and, its rulings thereon were subject to appeal and to correction on appeal if erroneous. Cheyne v. County Court of Craig County, 69 Okla. 167, 171 P. 19. Its ruling on the petitions embodying these enumerated contrary contentions was appealed, and on appeal was held to be erroneous and the correct ruling was directed to be made. We did not hold therein that the county court of Oklahoma county lacked jurisdiction to administer the estate. We held it must do so under the foreign will.

Does the fact that the county court erroneously ruled that decedent died a resident of Oklahoma county and testate deprive the orders made for the administration of the estate over which it admittedly had full jurisdiction of any effect? We think not. There is nothing in Seifert v. Seifert, 82 Okla. 230, 200 P. 243, to the contrary. It is true that it was finally held that one man was appointed to administer the estate upon an erroneously assumed basis and that another should have been appointed to do the same thing upon an approved basis. Ought the fact that these men were contesting over who should administer upon the estate deprive the county court of all power and make its orders, admittedly entered upon an erroneous assumption, utterly null and void and thus affect those who have business with the estate or claims against it to their prejudice? We think not.

Does the fact that Pease, the plaintiff in the action out of which this appeal arose, was the moving party in the proceedings that were later held to lack proper factual basis alter this rule? We think not.

It is not charged that Pease lacked power or authority to initiate the administration proceedings. By virtue of 58 O.S. 1941 § 122(8) the creditors may petition for the appointment of an administrator of a person dying intestate possessed of property in this state. By virtue of 58 O.S. 1941 § 108, if the person named in a will as the executor thereof fails for a period of 30 days after having knowledge of the death of a decedent to petition for the probate of the will, an administrator with will annexed may be appointed. He came within the purview of both provisions.

It is not charged that he acted deceitfully or fraudulently. All that can be said is that the court of final resort held that another had better warrant to administer the estate of the decedent than the one appointed pursuant to the proceedings he initiated. We are not willing to say from this that everything that was done prior to the appointment of the executor must be undone.

The trial court should have substituted the executor as party defendant in the stead of the administrator with will annexed, and should have proceeded with the action, being careful to preserve the rights of both parties and to see that no prejudice came to either by virtue of what had gone before.

The judgment of the trial court is reversed and the cause is remanded, with directions to proceed in accord with the views expressed herein.

HURST, V.C.J., and OSBORN, CORN, and DAVISON, JJ., concur.