IN RE ESTATE OF IRVING H. LANYON, DECEASED. THE FIRST TRUST COMPANY OF YORK, YORK, NEBRASKA, EXECUTOR, ET AL., APPELLANTS, V. RONALD KENNETH LANYON ET AL., APPELLEES.

54 N. W. 2d 262

Filed June 27, 1952. No. 33165.

P. A. Tomek, John G. Tomek, William Tomek, Kirk-

*patrick & Dougherty,* and *Stewart & Stewart,* for appellants.

*Herman G. Wellensiek,* and *Riddell & Grosshans,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a contest of the will and codicil thereto of Irving H. Lanyon, deceased. The jury returned a verdict sustaining the will and finding against the validity of the codicil. The executor and J. W. O'Neal, a legatee, appeal.

The testator, Irving H. Lanyon, died on August 23, 1949, leaving him surviving as his only heirs-at-law two nephews, Ronald Kenneth Lanyon and Willard James Lanyon, the contestants herein. Testator had never married and had accumulated an estate of the alleged value of $70,000 at the time of his death. On February 19, 1948, the testator made the will here involved. On June 14, 1949, he executed the codicil which the jury found in the present case that he did not have testamentary capacity to make. The will nominated The First Trust Company of York as executor.

The contestants asserted the want of mental capacity on the part of Irving H. Lanyon to make the will and the codicil. They have not appealed from the finding of the jury and the judgment entered thereon. In fact, they ask to have the judgment affirmed. The appellants have appealed from the finding and judgment that the codicil was not valid because of the want of mental capacity on the part of the testator to make it. Consequently the only question before this court is the correctness of the proceedings in the district court regarding the codicil.

The codicil was executed by the testator on June 14, 1949. It was witnessed by Evelyn Coufal, Esther Rambo,

and W. L. Kirkpatrick. The latter two were called as witnesses and testified for the proponents. Evelyn Coufal was not called as a witness nor was it shown that she was not available for any reason. The contestants contend that proponents failed to make a prima facie case by failing to call Evelyn Coufal as a witness and that the trial court erred in failing to sustain their motion for a directed verdict at the close of proponents' evidence. Contestants have preserved this claimed error by cross-appeal.

The appellees rely upon the case of In re Estate of Coons, 154 Neb. 690, 48 N. W. 2d 778. In that case we announced the rule to be as follows: "The rule is that a proponent is required to present all attesting witnesses if their testimony is available, otherwise a prima facie case is not made." The appellants argue that this means the minimum number of witnesses required by statute to execute a valid will is all that is required to be called. Such is not the rule nor the holding in the Coons case.

In Gillis v. Gillis, 96 Ga. 1, 23 S. E. 107, 30 L. R. A. 143, 51 Am. S. R. 121, cited as the supporting authority in the Coons case, it is held that all the attesting witnesses to a will, who are available, are indispensable to the proving of a will that is contested. While it is true in this state that only two attesting witnesses to a will or codicil are required, the testator not only selects the witnesses but he may select the number over and above two that he desires to testify to the proper execution of the will and his mental competency to make the same. They are, in effect, the witnesses that he wants called. Helm v. Sheeks, 116 Miss. 726, 77 S. 820. He may anticipate the unavailability of one or more of the witnesses at the time of the probate of the will, or he may have other personal reasons for wanting the attesting witnesses designated by him to be called to testify with respect to his last will. While the fate of the will does not depend entirely upon their testimony, they are in-

dispensable to the making of a prima facie case when the will is contested and their failure to testify is not explained. The requirements of the statute as to the number of attesting witnesses in no manner affects the operation of this rule.

In Abbott v. Abbott, 41 Mich. 540, 2 N. W. 810, the court aptly stated the rule applicable when a will is contested in this state in the following language: "But we know of no rule of law which makes the probate of a will depend upon the recollection or even the veracity of a subscribing witness. The law, for wise and obvious reasons, requires such instruments to be executed and attested with such precautions as will usually guard against fraud. But if the forgetfulness or falsehood of a subscribing witness can invalidate a will, it would be easy in many cases to use such artifices or corruption as would render the best will nugatory. * * * But in all contested will cases the case is open for general witnesses, and when the testimony is all in, each witness is credited according to the impression he leaves of candor and intelligence, and not according to his being or not being an attesting witness." See, also, In re Williams' Estate, 50 Mont. 142, 145 P. 957; Elwell v. Universalist General Convention, 76 Tex. 514, 13 S. W. 552; Will of Johnson, 175 Wis. 1, 183 N. W. 888.

We conclude therefore that proponents failed to make a prima facie case within the meaning of the foregoing rule. The motion of contestants at the close of proponents' evidence in chief should have been sustained by the trial court. The contestants being entitled to a directed verdict at that stage of the proceedings, no error thereafter appearing in the record was prejudicial to the rights of the proponents. The verdict of the jury and the judgment entered thereon in favor of the contestants determining that the codicil is invalid is affirmed.

AFFIRMED.