Ronald Kenneth LANYON et al.,
Plaintiffs in Error,

v.

J. W. O'NEAL, Defendant in Error.

No. 37674.

Supreme Court of Oklahoma.

June 17, 1958.

Rehearing Denied Sept. 16, 1958.

Richard James, Stroud, John E. Dougherty, York, Neb., William A. Vassar, Joseph A. Young, Chandler, Okl., H. G. Wellensiek, Grand Island, Neb., M. M. Grosshans, York, Neb., for plaintiffs in error.

P. D. Erwin, Chandler, Phillip A. Tomek and John G. Tomek, David City, Neb., for defendant in error.

JOHNSON, Justice.

The action upon which this appeal is based had its origin in the State of Nebraska. One Irving H. Lanyon, a resident of that state, died testate. His will disposed of all his property and directed the executor to convert all of the estate, wherever situated, into money. The testator, after the execution of that will, duly executed a codicil to the will in which he revoked certain prior bequests and made others in lieu thereof, including a bequest of $4,000 to one J. W. O'Neal, but that portion of the will directing the executor to convert all of testator's property, wherever located, into cash was unchanged by the terms of the codicil. All bequests in both the will and codicil were for cash, or specified sums of money. Both the will and codicil were filed for probate in the county court. Probation of the will and codicil was contested. After hearing, the will and codicil were admitted to probate. Contestants appealed from the action of the county court to the district court. Upon final trial de novo in the District Court of York County, Nebraska, the will was admitted to probate, but the decedent was found to be incompetent when he executed the codicil and it, therefore, was not admitted to probate, which action on appeal was affirmed by the Supreme Court of Nebraska. First Trust Co. of York v. Lanyon, 156 Neb. 21, 54 N.W.2d 262.

Thereafter the testator's named executor, The First Trust Company of York, filed ancillary proceedings in the County Court of Lincoln County, Oklahoma (in which county the deceased owned real property which has now been converted into cash, see O'Neal v. James, Okl., 312 P.2d 889) for the probate of the foreign will of Irving H. Lanyon, deceased, asking therein the appointment of Richard James administrator with the will annexed, and attached to the ancillary proceedings authenticated copies of the Nebraska probate proceedings. J. W. O'Neal, legatee under the codicil and one of the appellants in the Lanyon case, supra, filed the codicil for probate in the Lincoln County, Oklahoma, proceedings, notwithstanding the fact that the Nebraska courts had declared same invalid because of the incompetency of the testator at the time the codicil was executed.

The Lincoln County Court found the decedent to be competent when he executed the codicil, and admitted the codicil to probate. The Lincoln County District Court on appeal and trial de novo confirmed the action of the county court, resulting in this appeal.

As to form, substance and manner of execution both the will and codicil complied with the law of wills of Nebraska (and Oklahoma). Only a question of fact remained for determination in the Nebraska court, i. e., whether the decedent was competent or incompetent to make a will when he executed the codicil. The final adjudication was that he was mentally incompetent to execute such an instrument. Lanyon case, supra.

Admittedly the parties in the Oklahoma probate proceedings involved in this appeal were the same as in the Nebraska Court, see Lanyon case, supra, and the fact issue is the same as that determined by a court of competent jurisdiction in Nebraska, a foreign jurisdiction.

Under the doctrine of "estoppel by judgment," a fact once litigated and determined by a court of competent jurisdiction may not again be called in question or litigated by the same parties in a subsequent action. In re Hunter's Estate, 190 Okl. 284, 122 P.2d 1017. In that case in the first paragraph of the syllabus, we said:

852

"The final adjudication of an issue of fact by a foreign court having jurisdiction to determine such issue, in a proceeding wherein the issue was contested between adverse parties, is, in the courts of this state, conclusive of such issue when that issue is sought to be raised again between the same parties."

■ Defendant in error argues that because the will in this case involved or related to real estate situated in Oklahoma that under 84 O.S.1951 Sec. 20, the validity of the will is determined by the laws of this state. But that section also provides that "(E)xcept as otherwise provided," and it is otherwise provided in 84 O.S.1951 Sec. 172. That section reads:

"When a will directs the conversion of real property into money, such property and all its proceeds must be deemed personal property, from the time of the testator's death."

Thus under this statute and the terms of the will in this case, the rule contended for is not applicable. 96 C.J.S. Wills § 779, subdivision c, Proceeds of Property.

■ Where land is ordered sold and the proceeds are bequeathed, the beneficiary is entitled to money only as it is not a devise of land but a bequest of money. 96 C.J.S. Wills § 779, supra. For an application of the rule see Hunter v. Murphy, 124 Okl. 207, 255 P. 561 and Spencer v. Lyman, 27 S.D. 471, 131 N.W. 802 (the state from which we adopted Sec. 172, supra). Also 21 Am.Jur., Executors and Administrators, Sec. 700.

■ In such case the real property is considered as personal property, and the last domicile of the testator is to be resorted to as giving the law by which the validity and interpretation of a will is to be determined. See Wharton Conf. of Law, Construction of Wills, Third Edition, Sec. 592, pg. 1331.

■ In view of what we have herein said, the cause is reversed with directions to dismiss the proceedings relating to pro-

bation of the codicil and proceed in the administration of the estate in accord with the terms of the duly probated will of Irving H. Lanyon.

WELCH, C. J., and WILLIAMS, JACKSON and CARLILE, JJ., concur.

CORN, V. C. J., dissents.