**In the Matter of the ESTATE of Marie ROBERTS, Deceased.**

**Beatrice ROBERTS, Appellant,**

v.

**Dorothy L. STRICKLAND, Appellee.**

**No. 45118.**

Court of Appeals of Oklahoma, Division No. 1.

Nov. 21, 1972.

Certiorari Denied April 18, 1973.

Vincent Dale, David K. Petty, Guymon, for appellant.

Ogden, Ogden & Board by Charles R. Ogden, Guymon, for appellee.

BAILEY, Judge:

This is an appeal from a judgment of the trial court denying to probate in Oklahoma a holographic will executed in Kansas.

Marie Roberts was a resident of Morton, Kansas on September 9, 1970, the date of her death. She left real property within the State of Kansas and only personal property within this State. By holographic will dated August 9, 1970 decedent left all of her property to Beatrice Roberts, the wife of decedent's step-son. Beatrice Rob-

erts filed a petition for the probate of the will in the District Court of Morton County, Kansas which was dismissed with prejudice by the court on December 2, 1970 on the principal ground that the State of Kansas does not recognize holographic wills.

Subsequent to the denial of the will to probate in Kansas, the will was withdrawn and offered for probate in the District Court of Texas County, Oklahoma. It was also denied to probate in that court apparently, as appellant contends, for the reason that it had been previously denied to probate within the State of Kansas.

Proponent of the will and appellant herein contends that holographic wills are valid in Oklahoma and that inasmuch as the proceeding in Kansas was upon issues different from those before the Oklahoma court, that it is not res judicata to a subsequent hearing in Oklahoma, and that the will should have been admitted to probate by virtue of 58 O.S.1971, § 5, which reads:

"Wills must be proved and letters testamentary or of administration granted:
1. * * *
2. * * *
3. In the county in which any part of the estate may be, the decedent having died out of the State, and not resident thereof at the time of his death."

■ We hold that the trial court properly denied the will to probate. It was stipulated by and between the parties that the law of the State of Kansas does not recognize holographic wills as being valid. It was also stipulated that the decedent was a resident of the State of Kansas at the time of her death, and because there is no question raised as to her place of domicile as being in any other state, apparently

she was also domiciled in Kansas at the time of her death. The record shows, without question, that the will was prepared and executed within that State.

84 O.S. 1971, § 71, provides:

"Law of place governs execution or revocation.

A will, or a revocation thereof, made out of this State by a person not having his domicile in this State; *is as valid when executed according to the law of the place in which the same was made, or in which the testator was at the time domiciled,* as if it were made in this State, and according to the provisions of this article." (Emphasis added)

And 84 O.S. 1971, § 20, reads:

"Law governing validity and interpretation of wills.

Except as otherwise provided, the validity and interpretation of wills is governed, when relating to real property within this State, by the law of this State; when relating to personal property, *by the law of the testator's domicile.*" (Emphasis added)

See Lanyon v. O'Neal, 329 P.2d 850 (Okl. 1958).

■ From a reading of these two statutes, which are clear and unambiguous, we hold that this foreign will of a non-resident, relating only to personal property within this State, is no more valid here than in the domiciliary state or the state in which the will was made. The will was invalid there, it is invalid here and is not subject to probate in Oklahoma.

The judgment of the trial court is affirmed.

BOX, J., concurs.