## CORNELIA FULLILOVE v. RACHEL BANKS ET AL.

1. HABEAS CORPUS. *Custody of illegitimate child. Mother and grandmother contesting. Evidence.*

   In a *habeas corpus* proceeding by a mother to obtain the custody of an illegitimate child, the fact that, several years previously, she gave the child to the defendant, with the assurance that the latter was its grandmother by the paternal side, and the gift was accepted upon the mother's promise not to disturb her possession if she would take and care for it, may be properly considered by the Chancellor, in connection with other proof, in determining whether to award the custody of the child to the mother.

62   11
78 . 716

2. HABEAS CORPUS.   *Custody of child.   Evidence.   Supreme court practice.*
   Where the Chancellor in such case refuses to transfer the custody of the child
   to the mother, this court will not disturb his decision unless satisfied, in view
   of all the facts in the case, that the Chancellor erred.

APPEAL from the decision of *Hon. R. W. Williamson*, Chancellor of the fifth judicial district, on *habeas corpus.*

Cornelia Fullilove sued out the writ in this case against Peter and Rachel Banks, husband and wife, to obtain the custody of her child, a son seven years old.   The evidence adduced at the hearing of the petition established these facts : The parties are all negroes. The petitioner is an unmarried woman and her child illegitimate. When the child was three years old its mother carried it to the defendant, Rachel Banks, and asked her to take it, saying that she would leave it in the road to die if the defendant would not take it.   The child was then very sick.   The mother told Rachel Banks that the latter was the grandmother of the child, her son being its father.   Rachel accepted the care and custody of the child upon the mother's promise never to take the child from her.   (The gift of the child was proven by Rachel Banks and another witness, but denied by the petitioner.)   Up to the time Cornelia gave away the child she was a common prostitute.   Since then she has joined the church, claims to be earning a livelihood by taking in washing, and professes to have reformed morally (but upon the two last named points the evidence is slight).   The defendants belong to the most respectable and well-to-do class of their race, and the child has been well nurtured and cared for by them.   Rachel is, probably, not the grandmother of the child, though her son lived on terms of sexual intimacy with Cornelia for fifteen months, and she told him that the child was his.   Rachel has a great affection for the child, whether he is her grandchild or not, and she and her husband wish to rear and educate him.   The Chancellor refused to award the custody of the child to the mother, and dismissed her petition. Wherefore she appealed.

*Hooker & Wilson*, for the appellant.

The mother of an illegitimate child is entitled to its custody even against its putative father.   Unless her moral character is so bad,

or her financial condition so poor, that the best interests of the child forbid such a course, the courts will respect the law of nature and give the parent possession of the child. The evidence does not show the appellant to be of depraved moral character, nor that she is too poor financially to rear her child. As to the poverty of the petitioner, see 56 Miss. 408. ·

We refer the court to the following authorities, holding in effect that the alleged gift was against public policy and void—a *nudum postum* incapable of enforcement. 3 Hill 460 ; 16 Eng. Law and Eq. 221; 1 McCarter Ch. 540; 5 East 221; 1 Ashm. (Pa.) 248 ; 4 Ad. & El. 624; 60 Ind. 394; 9 J. B. Moore 278; 11 W. R. 358; 1 Harr. 419; 1 Halstead Ch. R. 454; 44 N. H. 321; 25 Ind. 495; 34 Ind. 168; 34 Conn. 259; 14 Tex. 81; 7 La. Ann. 569.·

*No* counsel for the appellees.

CAMPBELL, C. J., delivered the opinion of the court. ·

The action of the mother in placing her infant child in the keeping of its alleged grandmother, and promising not to disturb her possession of it, was at least a factor in the judicial determination of the question whether the court should exercise its power in the proceeding by *habeas corpus* to award the custody of the child to the mother who had thus acted, and we are not satisfied that the Chancellor erred in his conclusion upon all the facts of the case. Wherefore his decree is

*Affirmed.*