AINSWORTH v. BOYKIN et al.

(In Banc. Sept. 24, 1945.)

[23 So. (2d) 297. No. 35908.]

**O. M. Oates**, of Bay Springs, for appellant.

**R. S. Tullos**, of Raleigh, for appellees.

**Griffith, J.**, delivered the opinion of the court.

The mother of a young child, whose father is dead, has the right to the custody of the child unless (1) she is' morally unfit or otherwise unsuitable, or unless (2) she has abandoned the child. This rule as to the right of a parent is settled by a long line of decisions in this state, among which are Stegall v. Stegall, 151 Miss. 875, 119 So. 802, and Nickle v. Burnett, 122 Miss. 56, 84 So. 138. It is not seriously controverted in this case that the mother is in every way fit, able, and anxious, in which she is joined by her present husband.

What it takes to constitute abandonment is accurately stated in Amis on Divorce and Separation, Sec. 216, ap-

proved by this Court in McAdams v. McFerron, 180 Miss. 644, 654, 178 So. 333. The proof in this case not only falls far short of showing an abandonment under the approved rule, but, on the contrary, it affirmatively discloses that there was no abandonment. ' Moreover, the foregoing considerations aside, we think the whole record shows by a manifest preponderance, in fact beyond a reasonable doubt, that the present situation, as well as the future prospects thereof, is such that the best interests of this child will be served by his being permanently committed solely to the custody of his mother; and this will be the judgment entered by this Court.

Reversed and judgment here for appellant.