Anglin *v.* Anglin.

Division B.   Apr. 9, 1951.

No. 37916 (51 So. (2d) 781)

406

**W. A. Blair** and **D. R. Carr,** for appellant.

**B. P. Mauldin,** for appellee.

Holmes, C.

The appellant sued the appellee in the Chancery Court of Lee County for a divorce upon the ground of desertion, asserting a claim for alimony and counsel fees, and praying that the land of appellee be subjected by attachment to the payment of her claim. Appellee answered, denying the alleged ground of divorce, and pleading in bar of the action a divorce decree obtained by him against the appellant in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, in Chancery. A duly authenticated transcript of the proceedings in Florida was exhibited to appellee's answer and introduced in evidence on the hearing.

Appellant and appellee were married in Pontotoc County, Mississippi, in January, 1941, and thereafter moved to Lee County, Mississippi, where they lived together as husband and wife until January, 1948, when they separated, and at which time the appellee went to Florida and the appellant remained in Mississippi. Each claimed desertion by the other. Appellee's bill for divorce upon the ground of desertion was filed in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, in Chancery, on August 5, 1949. ██ █ Bona fide residence in Florida by a complainant in a divorce action for a period of ninety days next pre-

ceding the filing of suit was, under the law of that state, a statutory prerequisite to jurisdiction, and appellee's bill alleged that he had been a bona fide resident of Orange County, Florida, for more than ninety days next preceding the filing of his bill. Process by publication was duly and lawfully obtained upon the appellant but she entered no appearance to the action, and on September 9, 1949, a final decree was rendered and entered in the cause, dissolving the bonds of matrimony theretofore existing between the parties. The appellant's suit for divorce against appellee in the Chancery Court of Lee County, Mississippi, was filed on August 16, 1949.

The determinative question in this suit is whether or not, under the full faith and credit clause of the Federal Constitution, Article IV, Sec. 1, the decree of the Florida Court dissolving the bonds of matrimony between the parties is to be given effective recognition, and is to be held to effectively terminate the marital status between the parties and end the marital rights of appellant as against appellee.

The solution of this question lies in the determination of the fact as to whether or not appellee's residence in Florida was with a bona fide intent to establish in that state a domicile animo manendi, since the jurisdiction of the Florida Court was dependent upon the fact of actual bona fide domicile in that state. Williams v. North Carolina, 325 U. S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577, 157 A. L. R. 1366; Hall v. Hall, 199 Miss. 478, 24 So. (2d) 347; Lynch v. Lynch, Miss., 50 So. (2d) 378.

The question of the jurisdiction of the Florida Court as dependent upon the actual bona fide domicile of appellee in that state was open to inquiry. Steele v. Steele, 152 Miss. 365, 118 So. 721; McAdams v. McFerron, 180 Miss. 644, 178 So. 333; Hall v. Hall, supra.

The weight of the evidence showed, and the chancellor found, that at the time appellee filed his bill for divorce in Florida he had been, and continued to be up to the time of the rendition of the Florida divorce

decree and after, an actual bona fide resident of that state for more than one year and a half. We are not warranted under the evidence in holding that this finding of the chancellor is manifestly wrong and should be disturbed. We are accordingly of the opinion that the Florida Court had jurisdiction to render the divorce decree which appellee pleaded in bar of appellant's action, and that such decree is entitled to full faith and credit by us, and that the chancellor was correct in recognizing its validity and in dismissing the appellant's original bill. The decree of the court below is therefore affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the decree of the court below is affirmed.