## HILL *v.* BRIGGS.

No. 41021          March 2, 1959          109 So. 2d 349

44

*Martin & Brown,* Macon, for appellant.

46

*Jesse P. Stennis,* Macon for appellee.

ARRINGTON, J.

Appellant and appellee were man and wife and were residents of Mobile County, Alabama, when, on April 3, 1946, they were divorced by a decree of the Alabama court. Appellant, the father, was awarded custody of the two minor sons and appellee, the mother, was awarded custody of the minor daughter. No provision was made in the Alabama decree for any support for the minor daughter. Thereafter, on August 8, 1953, appellee,

who had remarried, filed a petition in the Chancery Court of Noxubee County, Mississippi, alleging that she was a resident of Kemper County, Mississippi, and that appellant was a resident of Noxubee County, Mississippi. Appellant was served with personal service of process in Noxubee County. Appllee's petition alleged that a few weeks after the Alabama divorce, appellant brought the two minor sons, whose custody had been awarded by the Alabama court to him, to the father of appellee in Kemper County, and since that time appellee or her father had had custody of all the three children, and that appellant had contributed only a small amount from time to time for their support and maintenance. Appellee, the mother, prayed for a reasonable sum for the support of the three children and for the custody of the two minor sons, whose custody had been awarded by the Alabama decree to appellant.

To that petition appellant filed an answer and stated therein that an agreement had been reached between him and the appellee, which was to the effect that appellee, the mother, was to have the custody of all of the children and that appellant would pay the sum of $50 per month to appellee for the support of the three children, and in said answer, appellant requested the court to enter a proper decree. This decree was entered on November 24, 1953, and the court retained jurisdiction of the cause for further orders, etc.

The present proceedings were instituted by appellee on November 7, 1957, by petition to the Chancery Court of Noxubee County in the same cause which resulted in the decree of November 24, 1953, seeking an increase in the allowance for the support, maintenance and education of the three minor children. She charged sufficient changed conditions to justify an increase in the allowance for the support, maintenance, and education of said children. Personal service was had on the appellant, who filed a motion to dismiss because of want

of jurisdiction and venue. The chancellor entered a decree overruling the motion to dismiss and granted the appellant an interlocutory appeal.

If the court had jurisdiction to enter the decree of November 24, 1953, it still has jurisdiction to change that decree. It is appellant's first contention that the original decree of the Chancery Court of Noxubee County dated November 24, 1953, was void because the court did not have jurisdiction. Appellant contends that since the children were then living with their mother in Kemper County, the Chancery Court of Noxubee County did not have jurisdiction to entertain the petition. He cites and relies on Bunkley and Morse's Amis, Divorce and Separation in Mississippi, Section 8.08, and on McAdams v. McFerron, 180 Miss. 644, 178 So. 333. In all the cases cited in Footnote 32 to Section 8.08, Bunkley and Morse's Amis, Divorce and Separation in Mississippi, the child involved was not in the State where the custodial decree was rendered, or sought to be rendered, hence the judicial power of the State did not attach and the court in each instance did not have jurisdiction. Once the child involved is actually within the State, the courts of that State may determine matters regarding its custody. Latham v. Latham, 223 Miss. 263, 78 So. 2d 147. Then the question is one of venue, and appellant's contention is therefore directed to the question of venue rather than jurisdiction. Venue may be waived and was specifically waived in the instant case because appellant, after having been personally served with process, entered his appearance in the Chancery Court of Noxubee County and specifically requested the court to enter the decree of November 24, 1953, and he may not now claim that that decree was void. Cf. Duvall v. Duvall, 224 Miss. 546, 80 So. 2d 752. This is true even though he may have been a resident of another county, as he now claims.

Appellant also contends that the decree of November 24, 1953, was void because appellee, the mother,

had the custody of the children when she brought the petition in Noxubee County. He relies on the rule stated in Bunkley and Morse's Amis, Divorce and Separation in Mississippi, Section 8.00, to the effect that the chancery court does not have the power to decree custody to one parent when the child is already in the custody of that parent and there is no assertion that the parent's right to the custody is questioned. This contention is not tenable for the reason, first, that appellee's petition, which resulted in the decree of November 24, 1953, was essentially one for recovery of an allowance for support, education and maintenance of the minor children and custody was incidental; and, second, insofar as custody was concerned in that proceeding, it was one seeking a modification of the custodial decree of the Alabama court in the divorce action. The provisions of the decree of November 24, 1953, with reference to custody of the two minor sons was not merely a declaratory of an existing status. Conditions had changed since the rendition of the Alabama decree which awarded custody of the two sons to appellant. And the decree of November 24, 1953, was, as far as custody of the two sons was concerned, a modification of the Alabama decree.

Appellant also contends that since the original decree in the Alabama divorce case made no provisions for the support of the children, the Chancery Court of Noxubee County could only award judgment against appellant, the father, in favor of appellee, the mother, for such sums as she had reasonably theretofore expended for the children's support, education and maintenance, and that she would have to bring successive suits for such sums as may from time to time become due her. He cites Section 9.03 of Bunkley and Morse's Amis, Divorce and Separation in Mississippi, as authority for the proposition that where the mother has custody of a minor child and no allowance has been made in the divorce action for the child's support, maintenance and education, the moth-

er cannot demand judgment thereafter for a reasonable allowance for future support, education and maintenance. Careful reading of the text just cited reveals that the statement therein that ''she cannot in such suit demand judgment for any sums not yet expended or which may seem to be thereafter necessary,'' presupposes that no allowance has theretofore been made for the child's support.

Appellee's original petition in the Chancery Court of Noxubee County was one seeking the allowance of a regular sum to be paid monthly for support, education and maintenance. The chancery courts have general jurisdiction over minor's business under Section 159 of the Constitution, and we think the cases of Schneider v. Schneider, 155 Miss. 621, 125 So. 91; Bass v. Ervin, 177 Miss. 46, 170, So. 673; and Turnage v. Tyler, 183 Miss. 318, 184 So. 52, are authority for the proposition that the chancery court of the proper county may, in a proceeding by the mother who has custody of a minor child, award judgment against the father for the allowance of a weekly or monthly sum for the support, education and maintenance of such child, notwithstanding the parents are divorced and the divorce decree made no provision for such allowance. Otherwise there would be no appropriate and practical remedy for the enforcement of the father's duty to support his minor children.

Affirmed and Remanded.

*McGehee, C. J.,* and *Lee, Kyle* and *Gillespie, JJ.,* concur.