GILLESPIE, Presiding Justice:
Richard W. Neal filed a bill of complaint against Sue Carolyn Richie Neal in the Chancery Court of Lincoln County for divorce and custody of their two minor children. The court held that it had jurisdiction of the parties but denied complainant a divorce, awarded the husband custody of the two children provided they remain with their paternal grandmother while their father was overseas with the armed services, held that the wife was not a fit and proper person to have the custody of the children, and denied the wife’s motion for suit money and attorney’s fees.
The wife contends in her direct appeal that the court lacked jurisdiction because the parties were residents of South Carolina; erred in not awarding custody of the children to their mother; and abused its discretion in not allowing the wife attorney’s fees and suit money. On cross-appeal the husband contends that the court erred in refusing to grant him a divorce.
Assuming, without deciding, that the court did not have jurisdiction to render a divorce decree, the court did have jurisdiction to entertain the suit for the custody, care, support and maintenance of the minor *640 children. The husband and the children were in Lincoln County when this suit was brought. The husband could change his residence to Lincoln County, and while this would not give the court jurisdiction for purposes of divorce unless he had been a resident of Lincoln County for one year next before filing suit, it would be sufficient to give the Chancery Court of Lincoln County jurisdiction to determine all matters concerning the custody of the minor children. Miss.Code 1942 Ann. § 1263.5 (Supp.1966). Moreover, the children were physically in Lincoln County at the time suit was filed, and this gave the court jurisdiction to determine their custody under the doctrine of parens patriae. Latham v. Latham, 223 Miss. 263, 78 So.2d 147 (1955).
The testimony overwhelmingly supports the chancellor’s determination that the mother was not a fit and suitable person to have the custody of the children and that the best interest of the children would best be served by awarding custody to the father with the children to remain with their paternal grandmother while their father is overseas with the armed services. Under the evidence we are not justified in finding that the chancellor was manifestly wrong in refusing to award the wife suit money and attorney’s fees. In our opinion no useful purpose would be served by stating the facts.
The chancellor was justified in refusing to grant the husband a divorce, assuming he had jurisdiction for that purpose. We do not reach the question whether the court had jurisdiction to determine the divorce question, but it is sufficient to state that if that question had been reached this Court would probably find that the prior divorce suit filed by the husband in South Carolina a few weeks before this suit was filed in Lincoln County, wherein the husband made oath that he had been a resident of South Carolina for more than one year, would preclude him from claiming Lincoln County, Mississippi, as his place of residence for one year next before filing this suit.
We have carefully considered the questions raised in light of the proof and we are of the opinion the chancellor reached the proper result on all issues.
Affirmed on direct and cross appeals.
RODGERS, JONES, INZER and ROBERTSON, JJ., concur.