PER CURIAM:
This is an appeal from the Chancery Court of Attala County wherein the Chancellor awarded the permanent care, custody and control of William Anthony Foster, a minor, to his father, appellee herein, thereby modifying a decree rendered on February 18, 1966, which had granted the minor’s grandmother, appellant herein, his custody.
The 1966 decree stated in part as follows :
That the said child, William Anthony Foster, has lived with and been supported by the said Lydia Thompson, his maternal grandmother, and that his father, Laddie Foster, Jr., petitioner, has wholly failed to make any substantial contribution to the support of said child during the entire period since the birth of said child on 31 December 1962 which failure constitutes an abandonment of said child; and that the said petitioner has failed to show that he is now able to provide a suitable home for said child.
In June 1969 the father filed a petition seeking a modification of the provisions of the previous decree. He alleged that there had been substantial changes in the circumstances and conditions since the entry of the former decree and that the custody of the child should be reconsidered and placed with him. He further alleged that since his release from the Army he has become a barber, earning approximately $80 per week, is living in a good neighborhood in Jackson, is attending Jackson State College and is married and the father of another child. Appellee also alleged that since November 1966 he has contributed to the support of his child each and every month. The amount has ranged from $25 per month to $50 per month.
The testimony reveals that prior to the 1966 decree the father was not an ideal parent to his child, his lack of attention resulting in the decree of abandonment.
-The grandmother maintains that the father is precluded from regaining custody of his child since he has theretofore been adjudicated to have abandoned him. She cites the case of Walker v. Williams, 214 Miss. 34, 46-47, 58 So.2d 79, 83 (1952), which cited McAdams v. Mc-Ferron, 180 Miss. 644, 654-655, 178 So. 333, 335-336 (1938), where we held as follows:
* * * where a parent, without just cause or excuse, forsakes or deserts his or her infant child, for such a length of time, and under such circumstances, as to show an intent to shirk or evade the duty, trouble or expense of rearing it, or a callous indifference to its wants, or a reckless disregard of its welfare, he or she is guilty of such an abandonment of it as to bar his or her right to thereafter reclaim its custody from any person who may have ministered to and protected it during such period of desertion. McShan v. McShan, 56 Miss. 413; Fullilove v. Banks, 62 Miss. 11; Morgan v. Shelly, 111 Miss. 868, 72 So. 700. Such conduct conclusively rebuts and overthrows the legal presumption that the welfare of the child would, other things being equal, be best served by the custody and control of the parent. * * *
We are of the opinion that this rule is too rigid and inflexible for such a sensitive area of the law and has in fact not been followed. The most important consideration in a custody case is what is for the best interest of the child. In making this determination consideration must be given not only to the present need of the child, but also what will serve his best interest during the ensuing years until his majority. The age of the child as well as that of the parent or person to whom the custody is withheld or awarded becomes very important.
*397 In Mayfield v. Braund, 217 Miss. 514, 533-534, 64 So.2d 713, 721 (1953), we adopted the statement announced in 39 Am.Jur., Parent and Child, section 26, page 616 (1942), where it is stated:
Generally, a parent who, by reason of his misconduct, has been deprived of the custody of his child is entitled to have such custody restored, where he has reformed and repented of his evil ways and is presently able suitably to provide for the child.
We further stated in the same case:
While it is true that any conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child will import an abandonment, it is stated in 1 Am.Jur., Adoption of Children 643, Section 42, that “It does not follow that the purpose may not be repented of and, in proper cases, all parental rights again acquired, including that of preventing adoption by withholding consent, but when abandonment is shown to have existed, it becomes a judicial question whether it really has been terminated, or can be, consistently with the welfare of the child.” (217 Miss, at 533, 64 So.2d at 721).
We must now consider the evidence relating to the changes that have taken place since the 1966 decree to ascertain if they are substantial. While in Vietnam, the appellee wrote his child every month and contributed money to his support. He is presently working as a barber and earning approximately $80 per week and has additional income from the G.I. Bill. He is attending Jackson State College, married and living in a good neighborhood in Jackson. He has visited his child often in the home of the grandmother and has contributed regularly to the support of his child. In our opinion the appellee’s conduct and attitude have changed considerably for the better since the February 1966 decree.
Appellant maintains that this decree is res judicata. With this contention we cannot agree. In Anderson v. Watkins, 208 So.2d 573, 575 (Miss. 1968), this Court stated:
All orders of the chancery court with reference to care and custody of children are temporary orders and may be changed when conditions develop which warrant a change. Miss.Code 1942 Ann. § 2743 (1956); Miss.Code 1942 Ann. § 1263.5 (Supp.1966); Grace v. Cummings, 253 Miss. 794, 179 So.2d 836 (1965); Hodge v. Hodge, 186 So.2d 748 (Miss.1966). * * *
The only thing which truly reflects against his character since the former decree is his premarital relations with his wife. However, this was considered by the chancellor and he was of the opinion that this should not weigh heavily against him, viewing the situation as a whole. We quote a portion from his opinion:
* * * He is making preparation to support and educate both of his children and, apparently, desires to do so. His way of life seems to have changed considerably upon entering the Army. His interest in his child became more apparent and his desire to become a more useful citizen by preparing himself to be one is evident.
There can be said nothing but good about the grandmother, who now has the custody of this young boy. Her age at the present is beyond that which a grandmother can and will apply the proper and sometimes stern disciplinary measures and corrections that are required in rearing a male child, particularly when it advances into its teenage years. The Court has carefully considered all of these matters and has concluded that the intellectual and moral development of this child can be expected from his father. (Emphasis added.)
The chancellor had the benefit not only of the evidence adduced in this trial, *398 but also the knowledge gleaned from the first trial as he presided on both occasions. It was his opinion that the circumstances and conditions had changed sufficiently to warrant a change in the custody and that the natural father could and would serve the best interests of the child by having his custody. We cannot state under the circumstances that he was manifestly wrong and indeed his opinion is well-reasoned and indicates that utmost consideration was given to all facets of the evidence. In our opinion it supports his conclusion. Consequently, he will be affirmed.
Affirmed.
ETHRIDGE, C. J., GILLESPIE, P. J., and JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.