BOWLING, Justice,
for the Court:
These consolidated appeals involve questions of jurisdiction and procedure of the Mississippi courts to hear matters involving custody of children residing in this state whose custody was first adjudicated by a foreign decree.
Appellant, Linda Brashers, and appellee, James Green, were residents of Marengo County, Alabama, when the proper court of that county rendered an agreed decree granting a divorce and decreeing the custody and support of the minor child of the parties. By its decree of December 3, 1976, the Alabama court granted custody to ap-pellee, James E. Green, during the school months of the year and custody to the appellant, Linda Brashers, during the summer months of the year, with divided custody during special holidays. Immediately upon the decree becoming final, appellant married Gary Brashers. Within a very short time they moved to New York City for approximately two months and then to Maryland. During the summer months of 1977, Mrs. Brashers had custody of the minor child in Maryland. Custody was returned to appellee Green at the court-ordered time. In the meantime, he had remarried and moved near Aberdeen, Mississippi. In May, 1978, the Brashers moved to Newton, Mississippi, where, at the time of the trial, they continued to reside. The child spent the summer months of 1978 with her mother and stepfather in Newton.
In September, 1978, after the custody of the child was returned to her father at his home near Aberdeen, the parties made some type of agreement under which the child was allowed to return to Newton and enroll in elementary school there, and she began living with her mother. There is a contradiction in the evidence as to why the child’s schooling was begun in that manner and at that time. The father testified that he agreed to the arrangement as he thought his daughter was desirous of doing so. The mother understood that this arrangement would continue the entire school year. After approximately three weeks, the father, appellee Green, became dissatisfied with the arrangement and began attempts to follow the original decree and bring the child back to Aberdeen and enroll her in school there. The mother refused these attempts and litigation followed.
Appellant, Linda Brashers, filed her suit in the Chancery Court of Newton County under Mississippi Code Annotated section 93-11-65 (1972 as amended). This section provides in part as follows:
In addition to the right to proceed under section 93-5-23, Mississippi Code of 1972, and in addition to the remedy of habeas corpus in proper cases, and other existing remedies, the chancery court of the proper county shall have jurisdiction to entertain suits for the custody, care, support and maintenance of minor children and to hear and determine all such matters. Proceedings may be brought by or against a resident or nonresident of the State of Mississippi, whether or not having the actual custody of minor children, for the purpose of judicially determining the legal custody of a child. All actions *DCLXXIX herein authorized may be brought in the county where the child is actually residing, or in the county of the residence of the party who has actual custody, or of the residence of the defendant.
Immediately after being served with summons, appellee, through his attorney, filed a petition for writ of habeas corpus, also in the Chancery Court of Newton County, alleging that he was entitled to the custody of the child. At the same time he filed a motion to dismiss appellant’s suit that was first filed. Appellant filed her motion to abate the habeas corpus proceedings pending a hearing of her cause.
On November 16, 1978, the court entered its order dismissing the bill of complaint filed by appellant, Linda Jean R. Brashers. On the same day, the court overruled the motion of appellants, Linda R. Green Brash-ers and Gary Brashers, to abate the habeas corpus proceedings and the cause proceeded to trial, with all parties introducing evidence and testimony. At the conclusion of the trial, the lower court entered its finding and resulting decree reaffirming the custody provisions in the Alabama divorce decree and ordering that immediate custody of the minor child be placed with appellee during the remainder of the school months.
In its findings the court in effect held that both parents were fully fit, suitable and able to have custody of the minor child. The court specifically found that,
Considering all the testimony, which the court permitted to go in as heretofore said over the strenuous objection of petitioner as to the changes, if any, that have taken place since this divorce decree was entered; arid this court does feel that there has not been sufficient changes, if the court had to decide on that alone, to warrant a change in custody.
Appellants contend that the lower court erroneously dismissed the first suit filed by the mother under the quoted section of the Mississippi Code. It is further contended that in addition to the habeas corpus proceeding not being abated, the court was in error in proceeding under habeas corpus for the reason that the child was not being “illegally” held by appellants. It is further contended that the lower court erroneously held that there was no change in circumstances since the Alabama divorce decree requiring change of custody.
The lower court erroneously dismissed the first suit filed by appellant Linda Jean R. Brashers. Had the suits been in different courts this error would require a reversal. We find, however, that the error was harmless as the court immediately held a full hearing under the habeas corpus proceedings, which hearing obviously was the same as would have been held under appellants’ original suit.
This Court has specifically held and agreed with the United States Supreme Court that the Mississippi courts will give full faith and credit to judgments and decrees of foreign courts. The lower court, in dismissing the mother’s original suit, did so under this Court’s opinion in Reynolds v. Riddles, 253 So.2d 834 (Miss.1970), at which time it was held that the Washington County, Mississippi, Chancery Court could not change a decree of the Sunflower County, Mississippi, Chancery Court, but that jurisdiction to change or modify the decree remained in the Chancery Court of Sunflower County.
The situation is entirely different when a Mississippi Court is asked to modify the provisions of a foreign decree regarding divorce and child custody on alleged change of circumstances when, that court reserves the right in the decree to modify or change its terms. The Mississippi chancery court had jurisdiction to hear the first suit filed by appellant, Linda Jean R. Brashers, and the lower court was in error by dismissing it. This Court has made this principle clear in Windham v. Blakeney, 354 So.2d 786 (Miss.1978); Huffman v. Griffin, 337 So.2d 715 (Miss.1976); Neal v. Neal, 217 So.2d 639 (Miss.1969); Hill v. Bridges, 236 Miss. 43, 109 So.2d 349 (1959); Cox v. Cox, 234 Miss. 885, 108 So.2d 422 (1959); and Latham v. Latham, 223 Miss. 263, 78 So.2d 147 (1955).
Contrary to appellants’ contention, the lower court had complete jurisdiction to *DCLXXX hear the child custody matter in the habeas corpus proceedings. Mississippi Code Annotated section 11-43-1 (1972) states:
The writ of habeas corpus shall extend to all cases of illegal confinement or detention by which any person is deprived of his liberty, or by which the rightful custody of any person is withheld from the person entitled thereto, except in the cases expressly excepted. [Emphasis supplied].
We will not lengthen this opinion by citing the many cases annotated under this section giving the proper court authority to determine custody of children under habeas corpus proceedings. In other words, there are at least three procedures available to protect the rightful custody of minors: Code sections 93-5-23, 93-11-65, and 11-43-1. There are possibly other extraordinary remedies available but these three have been approved by this Court.
A careful study of the record reveals, as hereinbefore stated, a complete hearing with the court receiving testimony and evidence, obviously the same as it would have received in the mother’s original suit. If the causes had been filed in different courts, the situation would be different. But as the same court heard the causes and rendered its findings of fact, as hereinbefore set out, there would be no justification in this Court reversing and ordering the same hearing held under a different name. The court had ample evidence to find that there was not sufficient change of circumstances to alter the provisions of the original Alabama decree, and had ample evidence to order that the custody of the person most hurt by the proceedings remain as agreed by the parties in the Alabama decree. Both decisions, therefore, are affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.